*Decision will be entered under Rule 50.*

S. M. R. O'HARA, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 4326. Promulgated April 29, 1946.

*Fred L. Rosenbloom, Esq.*, for the petitioner.
*Karl W. Windhorst, Esq.*, for the respondent.

## OPINION.

ARUNDELL, *Judge*: The sole issue here is whether the expenditures in question were paid as "traveling expenses &ast; &ast; &ast; while away from home in the pursuit of a trade or business," deduction for which is provided in section 23 (a) (1), Internal Revenue Code,[1] or whether the expenditures are to be regarded as personal, living, or family expenses, deduction of which is expressly prohibited by section 24 (a) (1), Internal Revenue Code.[2]

Throughout the taxable years petitioner served as Secretary of the Commonwealth of Pennsylvania, a cabinet position, to which she was

---

[1] SEC. 23. DEDUCTIONS FROM GROSS INCOME.

In computing net income there shall be allowed as deductions:

(a) EXPENSES.—

(1) TRADE OR BUSINESS EXPENSES.—

(A) In General.—All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including a reasonable allowance for salaries or other compensation for personal services actually rendered; traveling expenses (including the entire amount expended for meals and lodging) while away from home in the pursuit of a trade or business &ast; &ast; &ast;.

[2] SEC. 24. ITEMS NOT DEDUCTIBLE.

(a) GENERAL RULE.—In computing net income no deduction shall in any case be allowed in respect of—

(1) Personal, living, or family expenses;

&ast;　　&ast;　　&ast;　　&ast;　　&ast;　　&ast;　　&ast;

appointed by Governor Arthur H. James in 1939, at an annual salary of $10,000. Under the laws of Pennsylvania the central office of each administrative department and each independent administrative board and commission is required to be maintained at Harrisburg,[3] and all administrative offices of the state government are required to be open for the transaction of public business at least eight hours each day except Saturdays, Sundays, and legal holidays.[4] The petitioner was administrative head of one of the departments and it is clear that while she enjoyed that position the demands of her office were paramount to the claims of any other business upon her time and talent. Moreover, the circumstances were such that she could properly discharge her duties only by residing at or within commuting distance of Harrisburg during her tenure of office. Hence, it appears that she was free to devote to the conduct of her law practice in Wilkes-Barre only her "leisure time" during the course of her regular employment, and the record discloses that she went to Wilkes-Barre, for the most part, only on week ends, spending Saturday and Sunday there, and that she returned to Harrisburg Monday mornings. In these circumstances we think it must be said that Harrisburg was her principal place of business or post of employment.

The petitioner argues that she had two places of business. She contends that she maintained her home at Wilkes-Barre, that she had conducted a law practice there since 1913, and that she retained her business and social connections in that city. It is argued that her position as a cabinet member was a temporary one, the enjoyment of which was at the pleasure of the Governor alone, with the result that she is entitled to a deduction for the household expenses in Harrisburg. We are unable to agree with that conclusion. The law practice may well have been a trade or business carried on by her at Wilkes-Barre. However, her employment by the State of Pennsylvania was her mainstay or principal activity during the taxable years and, even though her term of office was at the pleasure of the Governor, that source of livelihood is not relegated to a position of secondary importance.

It seems to us that the petitioner's main interest in Wilkes-Barre during the taxable years was to continue old contacts and cultivate new ones for future use in the event she should decide to return to that city to actively pursue her profession. It is not to be doubted that the petitioner did devote some time to the pursuit of her practice in the taxable years, but it does seem doubtful to us that a person of petitioner's talent and standing can be said to be in active pursuit of her profession when she devotes only Saturdays and Sundays to it and when the return therefrom is only approximately $1,800 in one year

[3] Purdon's Pennsylvania Statutes Ann., Title 71, § 80.
[4] Purdon's Pennsylvania Statutes, Ann., Title 71, § 81.

and $250 in another. Nor does it seem likely that an accrual basis of accounting in connection with her law business would reflect it as being an important source of livelihood to her in the taxable years. At the time of the hearing petitioner had devoted about 70 percent of her time for six years to her cabinet duties in Harrisburg, and she had actually lived there five days out of each week during that period. It is probable that the word "temporary" is not descriptive of a period of time which embraces six years of an individual's productive business life. See *Barnhill* v. *Commissioner*, 148 Fed. (2d) 913.

We have long held that section 23 (a) (1), *supra*, may not be availed of to secure a deduction from gross income for "traveling expenses" paid or incurred by a taxpayer while at his principal place of business, post of duty, or principal place of employment. *Mort L. Bixler*, 5 B. T. A. 1181; *Barnhill* v. *Commissioner, supra; George W. Lindsay*, 34 B. T. A. 840; *Jennie A. Peters*, 19 B. T. A. 901; *William Lee Tracy*, 39 B. T. A. 578. The rationale of those decisions is none the less applicable in instances, such as here present, where it may be said that the taxpayer has two places of business. *Walter M. Priddy*, 43 B. T. A. 18. In that case the taxpayer derived compensation from a corporation located at the place of his residence and, at the same time, also received compensation from another concern located some distance away, in behalf of which a substantial part of his time and efforts were expended. We held that the taxpayer was not entitled to deduct traveling and living expenses paid or incurred at the headquarters of the latter corporation, for the reason that it was his principal post of duty or place of business. In *Walter F. Brown*, 13 B. T. A. 832; *Joseph W. Powell*, 34 B. T. A. 655 (affirmed on another point) ; and *Charles G. Gustafson*, 3 T. C. 998, we allowed deduction for traveling and living expenses where the taxpayer had his principal place of business and home in the same city but was obliged to be away from home in pursuit of his principal business or in pursuit of some minor business activity.

Moreover, we think it may not be said that the household expenses incurred by the petitioner at Harrisburg were in furtherance of or added anything to her law business in Wilkes-Barre. Nor can it be said that such expenditures were made in furtherance of or in pursuit of the business of her employer, the State of Pennsylvania. Hence, the expenditures in question do not appear to meet the test of having been incurred in pursuit of a trade or business. Cf. *Flowers* v. *Commissioner*, 326 U. S. 465. The Congress intended that a taxpayer should have deduction only for those expenses occasioned by the exigencies of a trade or business and it had no intention of opening the door to the deduction of expenditures which are inherently only the normal personal or living expenses of the taxpayer.

The petitioner relies upon *Coburn* v. *Commissioner*, 138 Fed. (2d) 763, and *Wallace* v. *Commissioner*, 144 Fed. (2d) 407. The *Coburn* case, *supra*, is distinguishable. The court found as a fact that Coburn's home and his principal place of business were in New York City and that he was only temporarily away from there in pursuit of his business as an actor. The *Wallace* case, *supra*, adopted a definition of "home" contrary to the established view of this court and to that extent it is contrary to the views expressed herein.

The petitioner claimed to have spent $30 in 1940 and $21 in 1941 for bridge tolls. These amounts are in addition to the household expenses above considered. The bridge tolls are not explained. In the circumstances, petitioner is not entitled to deduct them.

Reviewed by the Court.

*Decision will be entered for the respondent.*

------

HILL, *J.*, concurring: In the opinion of the Court the deduction claimed is disallowed primarily on the basis of a conclusion that petitioner's Harrisburg expenses were not "traveling expenses" incurred by her while away from "home," "home" being held to be the place of her principal business, namely, Harrisburg. I agree that the disallowance of the deduction is correct, but for the reason that, in my view, the expenses in question were not "traveling expenses" incurred in the pursuit of business, regardless of whether petitioner's "home" should be deemed to be in Harrisburg or elsewhere. I, therefore, think that the conclusion herein should not be made dependent in part or at all on the location of petitioner's "home."

The expenses here involved were not, in my opinion, business expenses in connection with petitioner's duties as Secretary of the Commonwealth and it can not seriously be contended that such expenses had any connection whatever with petitioner's business in Wilkes-Barre or with any other business conducted by her.

The criteria for determining the issue here presented are found in *Commissioner* v. *Flowers*, 326 U. S. 465. These criteria render unavailing any tests laid down by this or other courts which are not in conformity therewith.

In the *Flowers* case, the Supreme Court stated that the deductibility of traveling expenses depends upon three conditions, as follows:

(1) The expense must be a reasonable and necessary traveling expense, as that term is generally understood. This includes such items as transportation fares and food and lodging expenses incurred while traveling.

(2) The expense must be incurred "while away from home."

(3) The expense must be incurred in pursuit of business. This means that there must be a direct connection between the expenditure and the carrying on of the trade or business of the taxpayer or of his employer. Moreover, such

an expenditure must be necessary or appropriate to the development and pursuit of the business or trade.

\*     \*     \*     \*     \*     \*     \*

\* \* \* Failure to satisfy any one of the three conditions destroys the traveling expense deduction.

It was held in that case that condition number three had not been met and the Court therefore found it unnecessary to consider whether the expenses in question were incurred "while away from home." In discussing whether the taxpayer's expenses at Mobile had been incurred in pursuit of business, the Supreme Court said:

> The facts demonstrate clearly that the expenses were not incurred in the pursuit of the business of the taxpayer's employer, the railroad. Jackson was his regular home. Had his post of duty been in that city the cost of maintaining his home there and of commuting or driving to work concededly would be non-deductible living and personal expenses lacking the necessary direct relation to the prosecution of the business. The character of such expenses is unaltered by the circumstance that the taxpayer's post of duty was in Mobile, thereby increasing the costs of transportation, food and lodging. Whether he maintained one abode or two, whether he traveled three blocks or three hundred miles to work, the nature of these expenditures remained the same.

I find no basis in the language just quoted or elsewhere in the *Flowers* opinion for concluding that a different result would have been reached if the taxpayer there had conducted a separate business in Jackson, the town of his permanent residence. On the contrary, it is unequivocally stated that:

> Travel expenses in pursuit of business within the meaning of § 23 (a) (1) (A) could arise only when the railroad's business forced the taxpayer to travel and to live temporarily at some place other than Mobile, thereby advancing the interests of the railroad. \* \* \*

Making one's self available for work in the place where it is normally conducted on a permanent basis is the personal problem of the worker, and expenses to accomplish that purpose are not made in the pursuit of business within section 23 (a) (1) (A). Until that is done, the worker has not reported for duty and is pursuing the place of business rather than the business.

In the instant case it is obvious that expenses incurred by petitioner while attending to her duties as Secretary of the Commonwealth were not attributable to her business at Wilkes-Barre, and vice versa. Her two businesses were separate and distinct. To perform her duties as Secretary of the Commonwealth required her presence in Harrisburg on a permanent basis. If she traveled from Wilkes-Barre to Harrisburg in order to be available for performance of those duties, such travel was occasioned by petitioner's personal necessities or conveniences and was no more motivated by the demands of the business than is the travel of any person to get himself to a fixed post of duty. Such travel is in exactly the same category as that of the taxpayer

in the *Flowers* case and is not "in the pursuit of a trade or business" within section 23 (a) (1) (A).

I thus view the reasoning of the *Flowers* case. as directly applicable to the facts here and think that the conclusion in the instant case should be based exclusively on the proposition that the expenses sought to be deducted were not business expenses. By the reasoning employed in the *Flowers* case the traveling expense provision of the statute is interpreted in the light of the fundamental considerations governing the deductibility of business expenses, and the intended segregation therefrom of personal and living expenses is accomplished.

It appears to me inescapable that insuperable difficulties may arise in attempting to apply to future cases the principle constituting the primary basis of the conclusion in the opinion of the Court. The application of such principle where businesses conducted in separate communities are involved will often make the deductibility of the expenses dependent upon the purely fortuitous circumstances of which of the businesses yields greatest revenues or holds prospect of greatest permanency. Such circumstances have little relation to whether the deductions claimed represent business or personal expenses and decisions based upon them will, I fear, defeat rather than effectuate the statutory intent. For instance, if the proceeds of the businesses are substantially equal, are we arbitrarily to select the place where one of them is conducted as the "home" of the taxpayer or is the taxpayer to have more than one "home"? Is the taxpayer's "home" to shift as the relative importance of the respective businesses may alternately change? In my view, these questions are not susceptible of consistent solution by the application of the basic reasoning of the opinion of the Court.

SMITH, ARNOLD, DISNEY, and HARRON, *JJ.*, agree with the above.

---

MURDOCK, *J.*, dissenting: I dissent because the majority fails to follow a principle now well established in cases involving traveling expenses. Two types of these cases have arisen. The difference between the two types is illustrated by comparing the case of *George W. Lindsay*, 34 B. T. A. 840, and the case of *Walter F. Brown*, 13 B. T. A. 832. Lindsay, who continued to live in Brooklyn, was elected to Congress. It was stipulated that he had only one income-producing business and that was being a Representative in Washington. It was held in that case and others cited in the majority opinion that a taxpayer who has only one business and who does not choose to live in the city where that business is located is not entitled to a deduction for expenses of traveling to and living in the city where his business is conducted. Other examples are cited in the majority opinion including the *Bixler* and *Flowers* cases.

The petitioner in the *Brown* case, a practicing lawyer in Toledo, Ohio, accepted appointment as chairman of a Congressional Joint Committee on Reorganization of Executive Departments at an annual salary of $7,500. It was understood that he could continue his law practice, provided it did not interfere with his new duties. All of the meetings of his committee were held in Washington, where he had to be for about two weeks out of each month. He rented an apartment there on an annual basis. He was allowed a deduction for his fares between Toledo and Washington, for his meals and lodging* in Washington, and for telegrams, telephone, and other miscellaneous expenses made necessary by the fact that he was conducting two businesses, each in a separate city. The report does not show and does not turn upon which business was more productive, time consuming, or important. The Commissioner argued that Washington was the petitioner's home while he was chairman of the committee and, therefore, he did not have any traveling expenses incident to either business. We pointed out that the petitioner would be entitled to deduct some expenses regardless of whether he made his home in Washington or Toledo, and since he divided his time between two occupations in the separate cities, he was entitled to a deduction for his Washington lodging and his other expenses mentioned.

It thus appears that cases in which a taxpayer has a business in one city only are entirely different from those in which he has a business in more than one city. Congress has not allowed any deduction for personal expenses incurred by a taxpayer in maintaining his residence at his place of business, but it has allowed a deduction for all expenses in addition to those if the additional expenses were incurred in earning additional income at another place of business. *Chester D. Griesemer*, 10 B. T. A. 386; *Walter F. Brown, supra; Joseph W. Powell*, 34 B. T. A. 655; affd., 94 Fed. (2d) 483; *Harry F. Schurer*, 3 T. C. 544. Cf. *Charles G. Gustafson*, 3 T. C. 998; *Coburn v. Commissioner*, 138 Fed. (2d) 763; *Wallace v. Commissioner*, 144 Fed. (2d) 407.

The present case is not distinguishable in principle from the cases just cited. The deduction claimed by this petitioner is the kind that Congress intended to allow and there is no sound reason for denying it. Cases can be imagined in which the Commissioner might be justified in disallowing a part of a deduction claimed where a taxpayer had business in two cities but chose to live in one, although the traveling expenses would have been materially less had he lived in the other. This is not such a case and the petitioner should not be whipsawed in that way. It is not claimed that her traveling expenses would have

---

*The amount claimed for lodging was reduced because the evidence did not show the necessity or reasonableness of renting the lodgings on an annual basis instead of as they were actually needed. Here the individual items are not separately questioned.

been less had she lived in Harrisburg and traveled to Wilkes-Barre. Regardless of whether her home could have been in Wilkes-Barre or had to be in Harrisburg, nevertheless, she was entitled under section 23 (a) (1) to deduct "traveling expenses (including the entire amount expended for meals and lodging) while away from home in pursuit of a trade or business." If there is doubt as to whether her home should be one place or the other, she should be allowed to prove the amount of her expenses in Wilkes-Barre.

This petitioner has always lived in Wilkes-Barre, where, since her admission to the bar in 1913, she has been engaged in the active practice of law without interruption. It is perfectly clear from the record that this law practice was her own and that she was actively engaged in it at all times material hereto. She received an appointment to the cabinet of Governor James. That was a temporary occupation. She desired and intended to continue her law practice, which was her more permanent source of livelihood. She actually continued in the active practice of law in Wilkes-Barre, including appearances in court during the taxable years. She continued to obtain clients, to decide what should be done for them, and to be active personally in Wilkes-Barre actually doing this legal work. Her practice was substantial and she devoted a substantial part of her time to the conduct of this business, regardless of the amount of fees collected during the taxable years. This practice required her to continue to reside in Wilkes-Barre. She continued to reside there in her own five-room apartment. It is immaterial that a friend also continued to share that apartment rent-free. The petitioner had to spend additional money for lodging in Harrisburg in order to carry on her other business there. It would not be reasonable, under the circumstances of this case, to hold that her home for income tax purposes had to be in Harrisburg rather than Wilkes-Barre, even though she earned more income and spent more working days in Harrisburg than in Wilkes-Barre during these particular years. Suppose that she had earned more money in Harrisburg in one year and more in Wilkes-Barre in the other, would her home then have to shift from city to city, depending upon where she happened to earn more income within a particular year? It is sufficient here that she earned a substantial amount of income and spent a substantial part of her time in her practice in Wilkes-Barre and that she had a sound business reason for continuing her home there. Her Wilkes-Barre business was the more permanent and perhaps, for that reason, the more important of the two. Her lodging expenses in Harrisburg were in addition to her regular personal and living expenses in Wilkes-Barre. The motivating factors which led to these expenditures were the exigencies of business rather than her personal conveniences and necessities. The expenses related directly to her business and were incurred while she

was away from home in earning income from a second business. The Government, which collects additional tax because of the two businesses, is only reasonable in allowing a deduction for the additional expenses of earning the additional income. The petitioner, like Brown, went to the seat of government on a temporary appointment while continuing a business at home.

TURNER, KERN, and OPPER, *JJ.*, agree with this dissent.