Earl C. Michael v. Commissioner.
Michael v. Commissioner
Docket No. 10943.
United States Tax Court
1947 Tax Ct. Memo LEXIS 332; 6 T.C.M. (CCH) 43; T.C.M. (RIA) 47007; January 22, 1947
*332 Harry B. Kirkland, Esq., for the petitioner. L. R. Bloomenthal, Esq., for the respondent. HARLAN Memorandum Findings of Fact and Opinion HARLAN, Judge: A deficiency was determined by the Commissioner in petitioner's income tax liability for the calendar year 1943 in the amount of $313.87. The question presented pertains to the correctness of the disallowance as a deduction from taxable income of the amount of $1,356.06 for expenses allegedly incurred while traveling away from home in connection with a trade or business. Findings of Fact Petitioner is an individual residing at Toledo, Ohio. He filed his individual income tax return for the calendar year 1943 with the collector of internal revenue for the 10th district of Ohio at Toledo, Ohio. In a schedule attached to this return he makes the following statement: SCHEDULE DEDUCTIBLE
EXPENSES
$1,460.06 During 1943 I was employed by The Toledo Plate & Window Glass Company from January 23 through December 31st at their Detroit Warehouse. Although it was my intention when I first went to Detroit to move my family there, continued search failed to disclose any home available at any price. The *333 Housing situation in Detroit was very bad - as a result it was necessary that I maintain a home here in Toledo for my family and that I live separately in Detroit. In view of this I had the following expenses in Detroit for which I have made allowance on this Return: 34 weeks lodging at $7.50 per week
$ 255.00
15 weeks lodging at $5.00 per week
75.00
49 weeks Meals at $12.10 per week
592.90
Cab fare
98.00
Railroad Fare (two (2) trips back and
forth weekly)
227.36
Meals, Cab and Amusement Tips ($2.20
per wk.)
107.80
Amusement Tax
26.00
$1,382.06 In earning the Income from the William Mi-
chael Market Company it was necessary that I
keep Accounts and follow Credits, which neces-
sitated my using my car for collection work,
pick-up of some materials and other miscellane-
ous work on the week-ends at home. Therefore,
this expense I have estimated at $1.50 per week,
or a total of
78.00
Total deductible Expenses
$1,460.06
The Commissioner allowed the deduction of $78 for automobile expense incurred in Toledo and $26 for amusement tax paid in Detroit but disallowed the remaining items. During the calendar year 1943 petitioner was employed *334 by The Toledo Plate & Window Glass Company of Toledo, Ohio, to supervise credit extensions and look after collections of accounts in the Detroit area, with his office at his employer's Detroit warehouse. His compensation was $3,254.84. On Friday of each week it was his custom to leave Detroit at 12:30 p.m. and return to Toledo where he reported at the office of his employer concerning his work in Detroit. He remained in Toledo until Monday morning when he again reported to his employer's office before leaving for Detroit. On Saturday he worked for the William Michael Market Company, collecting accounts and other miscellaneous work from which he received an income during the year of $220. In his work at Detroit it was occasionally necessary for him to leave the corporation limits at which time his employer paid his expenses. The remaining expense items which he incurred while working in Detroit were not covered by his employer and he had no discussion with his employer over the creation of such items. He rented his home in Toledo where his wife and two sons lived. He made some effort to rent a home in Detroit but could find none with a rental within his financial means. He did *335 not take his family to Detroit. From time to time he sent written reports on his work to the Toledo office and was afforded the opportunity to use the long distance telephone at no expense to himself when necessity required. Petitioner kept some record of his expenses while in Detroit in a memorandum book but in his tax return for 1943 he claimed an overpayment of tax in the amount of $177.60, which he claimed resulted from the income tax withholdings made by his employer exceeding the amount of the tax on his income, reduced by the expense deductions involved in this appeal. He subsequently received a check from the Revenue Department as a result of this claimed overpayment and in 1945 destroyed whatever memoranda he had originally kept. Opinion This case calls for an interpretation of section 23 (a) (1) (A), I.R.C.[1]
*336 A recent leading case touching on the question herein involved is Flowers v. Commissioner, 326 U.S. 465. In that case the Supreme Court stated that the deductibility of traveling expenses depends upon three conditions as follows: (1) The expense must be a reasonable and necessary traveling expense, as that term is generally understood. This includes such items as transportation, fares and food and lodging expenses while traveling. (2) The expense must be incurred "while away from home." (3) The expense must be incurred in pursuit of business. This means that there must be a direct connection between the expenditure and the carrying on of the trade or business of the taxpayer or of his employer. Moreover, such an expenditure must be necessary or appropriate to the development and pursuit of the business or trade. * * *
Failure to satisfy any one of the three conditions destroys the traveling expense deduction. We are purposely passing over the question in this case as to whether or not the expenses incurred by petitioner were incurred while he "was away from home" within the meaning of the Revenue Code. We are basing our conclusion that these claimed deductions *337 are not permissible by the Revenue Code as traveling expenses on the ground that the facts in this case do not bring the petitioner within the provision of the third requirement as set forth in the Flowers case. Petitioner took his employment with the understanding that his business headquarters would be in Detroit, Michigan. There was no specific requirement that he return to the Toledo office at any particular time for any part of his employment. There was no record kept of the hours which he spent at the Toledo office nor was any evidence introduced by his employer that such visits were a part of his duties. While in Detroit he made constant written reports on his credit activities. He conferred with attorneys when legal advice was necessary. He had the use of a telephone when personal communication was necessary at no expense to himself. Under these circumstances we are simply not persuaded from the petitioner's unsupported statement that weekly conferences on Friday afternoon and again on Monday morning were required to carry out the functions of petitioner's employment. The fact that the petitioner also worked for another employer in Toledo on Saturday and therefore claims *338 to have had two places of employment, one in Toledo and one in Detroit, under the facts in this case, we do not consider material as the amount of income received from his Toledo employment being only $220 is too insignificant in amount as compared with the income of his principal employment to have any effect upon the question of the deductibility of these expense items. See S.M.R. O'Hara, 6 T.C. 841. In petitioner's direct examination the following colloquy occurred between him and his attorney: Q. Carfare - $98.00. Was that carfare in and about Detroit on your work? A. That's right. However, on cross-examination this colloquy occurs between petitioner and counsel for the respondent: Q. You say here "Cab fare - $98." That is a lot of cab fare isn't it Mr. Michael. A. Yes, but because of taking the train cab fare was necessary. If we could have found that the item of $98 had been expended for carfare in and about Detroit in the course of petitioner's work we would have allowed this as a deduction for the same reason that the Commissioner allowed the $78 deduction for automobile expense in Toledo, but inasmuch as the petitioner on cross-examination admitted *339 that this item was transportation to and from the railway station, we find ourselves in agreement with the Commissioner on his refusal to allow this deduction, as well as the deduction of all of the other items involved in this appeal. Decision will be entered under Rule 50. Footnotes
1. SEC. 23. DEDUCTIONS FROM GROSS INCOME. - In computing net income there shall be allowed as deductions: (a) Expenses. - (1) Trade or Business Expenses. - (A) In General. - All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including a reasonable allowance for salaries or other compensation for personal services actually rendered; traveling expenses (including the entire amount expended for meals and lodging) while away from home in pursuit of a trade or business; and rentals or other payments required to be made as a condition to the continued use or possession, for purposes of the trade or business, of property to which the taxpayer has not taken or is not taking title or in which he has no equity.↩