John H. Webster v. Commissioner.
John H. Webster v. Commissioner
Docket No. 18994.
United States Tax Court
1950 Tax Ct. Memo LEXIS 151; 9 T.C.M. (CCH) 550; T.C.M. (RIA) 50162; June 30, 1950
John H. Webster, pro se. William C. W. Haynes, Esq., for the respondent. TURNER Memorandum Findings of Fact and Opinion TURNER, Judge: The respondent has determined deficiencies in income tax against the petitioner of $146.07, $216.20 and $213 for the years 1943, 1944 and 1945. These deficiencies resulted from the disallowance by the respondents of deductions claimed by petitioner for expenditures made by him during the years on question for room and board. Findings of Fact Petitioner *152 is a lawyer and prior to July 5, 1943 devoted his working to the practice of law with offices in Swanton, Vermont. His home was in St. Albans, Vermont, nine miles from Swanton. His income tax returns for the years 1943, 1944 and 1945 were filed with the collector of internal revenue for the district of Vermont. On July 5, 1943, petitioner was given a war service appointment as assistant investigator in the Food Distribution Administration, United States Department of Agriculture, Burlington, Vermont. The term of this appointment was indefinite. Two months later his post of duty was changed from Burlington to Rutland, Vermont, where he served until February 1, 1944. He was then separated from the federal service by reason of a reduction in force. His salary was at the rate of $2,600 per annum. His employment was full time employment. During February 1944, and until March 6, 1944, petitioner was back at his home in St. Albans, Vermont, and was engaged in the practice of law full time at his office in Swanton, Vermont. On March 6, 1944, petitioner was appointed as Price Attorney, Office of Price Administration, United States Government, with his post of duty at Montpelier, Vermont. *153 He continued to serve the Office of Price Administration until January 21, 1947, when he was furloughed by reason of "reduction in force". His starting salary was $3,200 per annum. At some time during the period of his service he became District Enforcement Attorney, and at the time he left the employ of the Office of Price Administration in 1947, his salary was $5,905.20 per annum. His employment with the Office of Price Administration was full time employment. During his service with the Food Distribution Administration in Burlington and Rutland, and subsequently with the Office of Price Administration in Montpelier, petitioner did not move his family from the home maintained by him in St. Albans, Vermont. It was his usual practice to return to St. Albans on Saturday night and to spend the period until Sunday night with his family and at his law office in Swanton. He took the annual leave allowed as accumulated as well as some leave without pay and spent the period covered by such leave in St. Albans and at his law office in Swanton. His regular employment with the Food Distribution Administration and with the Office of Price Administration was for eight hours per day six days *154 per week and except for leave taken his full working time was six days each week and was devoted to his duties in the capacities above stated. During his entire service with the Government his law office in Swanton was kept open during the week by a secretary. Petitioner usually devoted his Sundays and days on which he took annual leave and leave without pay to his law practice. While employed in Rutland, Burlington and Montpelier, petitioner expended $5 per week for a room and $15 per week for meals. At times when he had to travel from Burlington, Rutland and Montpelier on official business he received from the Government a per diem allowance in lieu of subsistence. For the year 1943, petitioner claimed on his return a deduction of $625 covering his living expenses while in Burlington and Rutland, which deduction was disallowed by the respondent in determining the deficiency. In his petition the amount claimed is $651.32. In his return for 1944 petitioner claimed a deduction of $940 covering his living expenses in Rutland and Montpelier, which is the same amount claimed in his petition. The deduction so claimed was disallowed by the respondent in determining the deficiency. *155 On his return for 1945, the petitioner claimed a deduction of $1,000 covering his living expenses in Montpelier, which is the same amount claimed in his petition. The deduction so claimed was disallowed by the respondent in determining the deficiency. Opinion It is the claim of the petitioner that he is entitled to deduct the amounts expended for meals and lodging while in Burlington, Rutland and Montpelier, in the course of his employment with the Food Distribution Administration and the Office of Price Administration. The question is whether the expenditures so made are deductible within the provisions of section 23 (a) (1) of the Internal Revenue Code, which allows deductions for "travel expenses (including the entire amount expended for meals and lodging) while away from home in the pursuit of a trade or business", or whether the expenses in question represented personal and living expenses within the meaning of section 24 (a) (1) of the Code, the deuction of the latter expenses being specifically barred by the statutes. After examination of the facts in the light of the provisions of the statutes and decided cases, it is our conclusion that this case *156 is wholly within the scope of Commissioner v. Flowers, 326 U.S. 465, and S.M.R. O'Hara, 6 T.C. 841. Under authority of those cases the contentions of the petitioneer are denied. Decision will be entered for the Respondent.