JOSEPH H. SHERMAN, JR., AND SOPHIE SHERMAN, HUSBAND AND WIFE, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 22498. Promulgated February 15, 1951.

*Robert D. Price, Esq.*, and *Francis X. Reilly, Jr., Esq.*, for the petitioners.

*Leo C. Duersten, Esq.*, for the respondent.

334

336

RAUM, *Judge:* Petitioner claims a deduction in the amount of $5,063.32 under section 23 (a) (1) (A) of the Internal Revenue Code for expenditures made in connection with his business trips to New York. In seeking to disallow all of that amount above $806.40 (for transportation), respondent argues that petitioner's "home" was in New York within the meaning of section 23 (a) (1) (A), and that his New York expenses cannot be regarded as having been incurred while "away from home." We think that respondent's position cannot be sustained by the record in this case.

Although the return indicates that petitioner spent 4 days a week in New York, there is convincing evidence that 4 days was merely the maximum time that he spent in New York in any one week; that in some weeks he spent all of his time in Worcester; that he was actually in New York an aggregate of 102 days during 1945 as against an aggregate of 216 days in Worcester; and that he spent more time in

Worcester during 1945 in connection with his employment with the Haskins Manufacturing Company than he did in New York and in traveling to and from New York on the business of the Metropolitan Sales Company.

This is not the case of a taxpayer who keeps his place of residence at a point where he is not engaged in carrying on a trade or business and claims deductions for living expenses and cost of traveling to and from his residence. Cf. *Commissioner* v. *Flowers*, 326 U. S. 465; *Mort L. Bixler*, 5 B. T. A. 1181, 1184. The petitioner owned and maintained a home for his family in Worcester and was employed by the Haskins Manufacturing Company in a factory located not far from his residence at the beginning of the year 1945. This was his principal place of business and his home at that time. During 1945 he continued his employment with Haskins and it continued to be an important source of livelihood to him. In 1945 he undertook a business venture in New York City under the name of the Metropolitan Sales Company. In order to carry on both of these activities, he had to make expenditures for transportation to and from New York City, meals and lodging while there, and for telephone, telegraph and other items. He maintained no house or apartment in New York; he merely stayed at a hotel on each trip. This Court has heretofore recognized that a taxpayer may have more than one occupation or business, and has held that where it is shown that the taxpayer has two occupations which require him to spend a substantial amount of time in each of two cities, he is entitled to the deduction of traveling and other ordinary and necessary business expenses incurred in connection with attendance upon the one removed from his residence. *Walter F. Brown*, 13 B. T. A. 832; *Joseph W. Powell*, 34 B. T. A. 655, affd., 94 Fed. (2d) 483 (CA-1).

This case is unlike *S. M. R. O'Hara*, 6 T. C. 841, in which the taxpayer, a lawyer, was held to have her "home" at her principal place of employment where she was required to spend full time over a period of years, notwithstanding that she visited her apartment or family residence on weekends in another city where she handled some legal matters for clients at such times. The Court stressed the comparatively inconsequential degree of activity on such occasions and the relatively meager returns therefrom. Here, on the other hand, petitioner's Worcester employment was a significant source of income to him; it was of a permanent character, and his roots were in Worcester where he spent the greater part of his time during the tax year. He had no office or place of business in New York, other than a mailing address. On his New York trips he would stay at a hotel, at most only a few days at a time. While it is true that his rewards from the New York venture in 1945 exceeded his Worcester earnings for that year, that fact alone cannot shift his "home" from Worcester to New York.

338

We hold that petitioner's "home" was Worcester and that his New York "traveling expenses (including the entire amount expended for meals and lodging)" are deductible. These include at least the item of $806.40 identified as "Transportation", the item of $1,631.65 identified as "Room and Meals", and possibly also the item of $207.61,[1] identified as "postage, Telephone and Telegraph." However, it is unnecessary to determine whether the latter item is strictly classifiable as "traveling expenses," for it is in any event deductible as an "ordinary and necessary" business expense under section 23 (a) (1) (A).[2] Similarly, we are satisfied that the items of $1,517.85 for entertainment expenses and $150 for gifts to customers are deductible as "ordinary and necessary" business expenses under section 23 (a) (1) (A). But we do not approve the deduction of the item of $749.81 alleged to represent "Tips for entertainment, travel, and hotel and other hotel charges." The proof of expenditures for these purposes was vague and unsatisfactory. Moreover, even if some portion of this amount did represent deductible expenditures actually made, we are not satisfied as to whether some or all of them may not have been included in one or more of the other items.

We hold that petitioner is entitled to deductions under section 23 (a) (1) (A) for items (1), (2), (3), (4), and (6), but is not entitled to any deduction for item (5).

Reviewed by the Court.

*Decision will be entered under Rule 50.*

VAN FOSSAN, *J.*, dissents.

OPPER, *J.*, concurs only in the result.

---

DISNEY, *J.*, dissenting: *Commissioner* v. *Flowers*, 326 U. S. 465, in my opinion, prescribes for us a concept of a "business home," at which living expenses, and to which expense of travel from the taxpayer's actual home, are not deductible under section 23 (a) (1) (A) of the Internal Revenue Code. As I comprehend this concept, it is that there should be allowed only business expenses at such place or in pursuance of business in connection with that place. We had earlier, in fact, it

---

[1] Respondent suggests in his brief that this item may be a duplication of telephone and postage expenses already allowed in the amounts of $190.14 and $44.08, respectively. However, this issue was not raised at the trial or prior thereto, and we are satisfied that the $207.61 item relates only to such expenditures made while petitioner was in New York and does not duplicate the other similar expenditures which were presumably made while he was in or about Worcester.

[2] Respondent urges that petitioner has limited himself to claiming deductions herein only as "traveling expenses." We do not agree that the issue is thus limited. While it is true that the amended petition is inartistically drawn in this respect, we think that, read as a whole, it puts in issue the deductibility under section 23 (a) (1) (A) of the contested expenditures as traveling expenses and as ordinary and necessary business expenses. The ordinary and necessary expenses here involved were incurred in connection with petitioner's traveling and a fair reading of the amended petition discloses the intention to raise the issue in both aspects.

seems to me, recognized that for purposes of the statute "home" means a business location, post or station. See *George W. Lindsay*, 34 B. T. A. 840, quoting *Mort L. Bixler*, 5 B. T. A. 1181; *William Lee Tracy*, 39 B. T. A. 578; and *Walter M. Priddy et al.*, 43 B. T. A. 18. In the instant case, the petitioner set up a business at a considerable distance from his home. This is the same situation as in the *Flowers* case and it is unaffected, I think, by the fact that he also had a business (not his principal business so far as income is concerned) at his actual home. Moreover, I am unable to distinguish *S. M. R. O'Hara*, 6 T. C. 841. I therefore dissent.

ARUNDELL, LEECH, and HILL, *JJ.*, agree with this dissent.