Helen E. Stairwalt v. Commissioner.
Stairwalt v. Commissioner
Docket No. 35795.
United States Tax Court
1952 Tax Ct. Memo LEXIS 102; 11 T.C.M. (CCH) 902; T.C.M. (RIA) 52261; August 26, 1952
*102 Laurence Graves, Esq., 2 Exchange Place, New York, N. Y., for the petitioner. Robert R. Blasi, Esq., for the respondent. OPPER
Memorandum Findings of Fact and Opinion OPPER, Judge: Respondent determined a deficiency of $653.67 in petitioner's income tax for 1949. Certain adjustments are not contested. The issue presented is whether sums expended by petitioner for meals and lodging while employed in Wilmington, Delaware, for a six-month period constitute expenses incurred "while away from home in pursuit of a trade or business," within the meaning of section 23 (a) (1) (A), Internal Revenue Code. Findings of Fact Petitioner is an individual who resided in New York, New York, during the year in controversy. She filed her Federal income tax return for that year with the collector of internal revenue for the third district of New York. The Delaware Steeplechase and Race Association, of Delaware, owns and operates a plant for flat and steeplechase racing at Stanton, Delaware. The annual racing meetings last through thirty racing days between May 29 and July 4 of each year. Active preparations and organization of a working force begin about *103 March 1 of each year. The skeleton staff of 20 or 25 is gradually increased to about 1300 employees between March 1 and May 29. Petitioner was first employed by the association as a secretary at $50 per week in March 1944. This was increased to $75 per week in June 1944. In addition thereto, petitioner's employer paid her expenses while in Wilmington. After the completion of her duties, some time in August, petitioner returned to New York where she lived before accepting employment with the racing association. Petitioner worked under the same contractual arrangement from March through August of each of the years 1945 and 1946. In 1947, she was appointed assistant to the general manager at a salary of $3,600 for the six-month period of employment, without further compensation for expenses. Since 1947, including the year in controversy, she has worked and lived in Wilmington, Delaware, at least six months each year, from March through August. Since 1951 petitioner has become a year-round resident of Wilmington, Delaware. In 1949 petitioner and her husband maintained their home at the Lombardy Hotel, in New York, having leased an apartment therein for a three-year period from September 1, 1947, to *104 September 1, 1950. Petitioner's husband lived at the leased apartment throughout 1949 and was employed in New York City. After petitioner's employment at Wilmington, Delaware, terminated in August 1949, she returned to the apartment which she had left in March and lived there for the remainder of the year with her husband. She also spent most weekends there with her husband during the six months of her employment in Delaware. During 1949, petitioner received a salary of $3,950 from the racing association. In her Federal income tax return for that year, she deducted $3,862.02 from that amount as business expenses, including the cost of railroad fares to and from New York for weekend trips. The latter deduction claims were eliminated in the petition, as filed. Petitioner's unreimbursed hotel expenses during her period of employment in Delaware were $1,150.43, and the estimated cost of her meals during that period was $736, for a total of $1,886.43, which are the only amounts she now claims as deductions. During July and August of 1949, petitioner was employed by Stix & Gude, radio agents located in New York City, in connection with a series of television programs about horse racing *105 presented by Bryan Field, general manager of the racing association. She received $600 for this work, which she reported as income on her 1949 income tax return. Most of this work, except for six appearances in New York, was done in Wilmington, Delaware. In 1949, petitioner performed some personal secretarial services for Bryan Field, for which she received and reported an income of $495. All of this work was performed in New York City. Petitioner filed her 1948, but not her 1949, Federal income tax return in Wilmington, Delaware. Opinion In these days of usual and customary gainful occupation by married women, it is strange that the factual background presented here has not arisen more often. Except for Wallace v. Commissioner (C.A. 9), 144 Fed. (2d) 407 (reversing T.C. Memorandum Opinion), none of the cases generally looked to for guidance on the present question of the deductibility of traveling expenses presents the situation we find here of a married woman employed at a point far enough away from the marital domicile so that expenses separately undertaken for meals and lodging become significant enough to warrant litigation of their tax treatment. Even *106 in this proceeding, we are not required to face the problem squarely. This is an instance like Walter F. Brown, 13 B.T.A. 832, and Joseph W. Powell, 34 B.T.A. 655, affirmed (C.A. 1), 94 Fed. (2d) 483, of several occupations undertaken in several places for several remunerations. If it were doubtful before it can no longer be questioned that the tax "home" need not be the one at which the largest compensation is received, so that only the expenses of travel to the other place are deductible. Joseph H. Sherman, 16 T.C. 332; cf. S. M. R. O'Hara, 6 T.C. 841. As in the Sherman case, petitioner's New York "employment was a significant source of income to" her during the year in controversy. Disregarding the perhaps temporary nature of her annual employment (six months), see e.g., Harry F. Schurer, 3 T.C. 544; Charles G. Gustafson, 3 T.C. 998, and regardless even of the possible considerations of public policy inherent in creating as few inducements as possible to the maintenance of separate domiciles for husband and wife, we think enough has been shown here for petitioner to be entitled under the *107 doctrine of the Sherman case to treat New York as her post of duty and her tax "home," so that her expenses in Wilmington were deductible as "traveling expenses * * * while away from home in the pursuit of * * * business." Decision will be entered under Rule 50.