Paul B. Magnuson v. Commissioner.
Magnuson v. Commissioner
Docket No. 34341.
United States Tax Court
1953 Tax Ct. Memo LEXIS 231; 12 T.C.M. (CCH) 599; T.C.M. (RIA) 53190; May 29, 1953
*231 On the facts, held, the petitioner is not entitled to deduct as traveling expenses amounts expended for living expenses in Washington, D.C., while employed there by the United States Government for an indefinite term. John F. Greaney, Esq., 1002 Warner Building, Washington, D.C., for the petitioner. E. M. Woolf, Esq., for the respondent. HILL Memorandum Findings of Fact and Opinion The respondent determined deficiencies in the income tax of the petitioner for the years 1946 and 1947 in the amounts of $8,545.21 and $6,121.62, respectively. The question for our decision is whether certain expenditures incurred by the petitioner in Washington, D.C. during the years 1946 and 1947 are deductible as traveling expenses under the *232 provisions of section 23 (a) (1) (A) of the Internal Revenue Code. Findings of Fact The facts stipulated by the parties are found accordingly. The petitioner is an individual and has been engaged for a number of years in the practice of bone and joint surgery, maintaining an office in connection therewith in Chicago, Illinois. The income tax returns for the years 1946 and 1947 were duly filed by the petitioner with the collector of internal revenue for the first district of Illinois. In the fall of 1945 General Omar Bradley was named Administrator of the Veterans' Administration and Dr. Paul R. Hawley was named as Medical Director thereof, those two functioning under a directive from the President of the United States to formulate and carry out a program for the reorganization and expansion of the Veterans' Administration. Carrying out this plan, General Bradley and Dr. Hawley consulted with the petitioner, who was at that time professor of surgery at the Medical School at Northwestern University, and who was also actively engaged in the practice of his profession, maintaining an office for that purpose in Chicago. Similar consultations were held with *233 Dr. Elliot Cutler, who was then professor of surgery at Harvard Medical School. Petitioner agreed to assist and collaborate with General Bradley and Dr. Hawley in the task assigned and came to Washington for that purpose late in 1945. At that time Congress had pending legislation necessary to accomplish the result desired. The first statute with respect thereto was Public Law 293, 79th Congress, "An Act to establish a Department of Medicine and Surgery in the Veterans' Administration." This was approved and became law January 3, 1946. Dr. Elliot Cutler, who had agreed to function with Dr. Hawley and the petitioner in the plan, became ill and his active participation therein was limited for this reason. His death in August 1947 and his condition prior to his death placed heavier burdens and responsibilities upon the petitioner. On March 5, 1946, the petitioner's appointment as Acting Assistant Medical Director for Research and Education, Veterans' Administration, Washington, D.C., was approved by Dr. Hawley. From January 1, 1946 to March 5, 1946, petitioner was paid at the rate of $8,750 per year. After March 5, 1946, his salary remained the same with 25 per cent additional compensation *234 as a specialist as provided by law. When the petitioner was away from Washington on official business for the Veterans' Administration the cost of his transportation and a per diem allowance for expenses was paid by the Government. Petitioner's employment with the Government during the years 1946 and 1947 was with no thought of any permanent connection and it was the understanding of his superiors that he would continue to devote considerable time to his Chicago practice. In December 1945 petitioner rented a furnished house in Georgetown, with a proviso in the lease that he would maintain the servants there during his occupancy. In September 1946 he moved to another furnished house in Georgetown, remaining there until January 1947, after which he again rented the house he had originally, but at a lower rental. All his leases contained provisions for sub-letting if he left. In September 1947 petitioner moved into a house owned by his wife and thereafter paid no rent in Washington, D.C. During 1946 petitioner paid out the following amounts for expenses incurred in Washington, D.C.: Rent
$ 6,000.00
Wages to domestics
3,864.67
Laundry
334.51
Heat, light and telephone
549.73
Food
1,067.69
Traveling & other business expenses
1,391.09
Supplies
61.84
Miscellaneous
318.52
Incidentals
129.14
Total
$13,717.19
*235 The total amount was claimed by the petitioner as a deduction on his 1946 income tax return. Of the amount claimed, the Commissioner allowed $1,391.09 and disallowed $12,326.10. During 1947 the petitioner paid out the following amounts for expenses incurred in Washington, D.C.: Rent
$ 1,475.00
Wages to domestics
3,247.29
Laundry
288.30
Supplies
208.04
Heat, light & telephone
762.00
Food
1,117.20
Renovating & moving furniture
4,156.63
Furniture & household repairs
633.57
Miscellaneous
516.34
Incidentals
134.28
Total
$12,538.65
The total amount was claimed as a deduction on the income tax return of the petitioner for the year 1947 and the entire amount thereof was disallowed by the Commissioner as a deduction. During the years 1946 and 1947 petitioner "had a loose partnership" with a man who was his assistant and had been in the Navy for four years. He came back several weeks before petitioner came to Washington. Under this arrangement an office was maintained in Chicago. Petitioner reported in his return for the year 1946 net income from this source in the amount of $39,050.41. In arriving at that sum, a deduction for travel expenses was *236 claimed in the amount of $3,298.87. In his return for the year 1947 petitioner reported net income from his profession of $6,356, and in arriving at that figure a deduction for professional travel expenses was claimed in the amount of $5,094.44. These deductions for professional travel expenses claimed by the petitioner in his returns are not here in controversy, having been allowed by the respondent. The petitioner's wife resided with him in Washington, D.C., during the years in question. The petitioner brought his secretary with him from Chicago to Washington and secured a position for her as his secretary with the Government. During the years 1946 and 1947 the petitioner's "home" within the meaning of the provisions of section 23 (a)(1)(A) of the Internal Revenue Code was in Washington, D.C., where he was employed as an official of the Veterans' Administration. Opinion HILL, Judge: The petitioner is not entitled to deduct the sums expended by him for living expenses in Washington, D.C., during the years 1946 and 1947 unless the expenditures meet the three qualifications laid down by the United States Supreme Court in Commissioner v. Flowers, 326 U.S. 465, *237 as follows: "(1) The expense must be a reasonable and necessary traveling expense, as that term is generally understood. This includes such items as transportation fares and food and lodging expenses incurred while traveling. "(2) The expense must be incurred 'while away from home.' "(3) The expense must be incurred in pursuit of business. This means that there must be a direct connection between the expenditure and the carrying on of the trade or business of the taxpayer or of his employer. Moreover, such an expenditure must be necessary or appropriate to the development and pursuit of the business or trade." Failure to satisfy any one of the three conditions is fatal to the petitioner's case. Examination of the authorities directs our attention to the third qualification. Facts substantially the same as those presently before us were presented to this Court in Leon Falk, Jr., 15 T.C. 49, where the taxpayer claimed in his returns the cost of room and board in Washington, D.C., for the period during his temporary employment there in several Government agencies. There we said in considering whether the taxpayer met the third qualification: "In Commissioner v. Flowers, 326 U.S. 465, *238 it was ruled that an expense of this character to be deductible must be incident to and required by the employment. In the present case, it can not be argued that the petitioner's expenses in Washington were required by his business carried on in Pittsburgh and Schellsburg, Pennsylvania. Nor did petitioner's employment in Washington by the Government require him to maintain his home in Pittsburgh. For the purposes of his Government employment, his place of business was Washington, D.C. The case of Ney v. United States, 77 Fed. Supp. 1005, affd., 171 Fed. (2d) 449, certiorari denied, 336 U.S. 967, appears to have arisen upon substantially identical facts to those here involved. There the taxpayer was denied the deduction of expenses for hotel rooms and board in Washington during performance of services for the Government in one of the war agencies. He had large business interests in Arkansas and, during the term of his Government employment, continued to maintain his residence in that state to which he made trips at intervals to attend to his personal business affairs. Relief was also denied under substantially similar circumstances in the case *239 of S. M. R. O'Hara, 6 T.C. 841. See also Robert F. Green, 12 T.C. 656. Respondent is sustained in his disallowance of the deductions taken." The facts here indicate clearly that the claimed expenses were not incurred in the pursuit of the petitioner's business as a physician which was conducted in Chicago. The facts are equally clear that the claimed expenses were not incurred in the pursuit of business of the petitioner's employer. The expenses incurred by the petitioner in traveling between Washington and Chicago in pursuit of his Chicago business have been allowed by the respondent and are not here in controversy. When the petitioner traveled from Washington on official business for the Veterans' Administration his cost of transportation was paid by the Government and he was allowed a per diem allowance for expenses. The authority of the Falk case is controlling here. Therefore after consideration of the record as a whole, we hold the expenses here in controversy to be non-deductible under the provisions of section 23 (a) (1) (A) and personal to the petitioner within the meaning of section 24 (a)(1). Decision will be entered for respondent.