T.C. Memo. 1997-151


UNITED STATES TAX COURT


MARVIN ZIPORYN, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 12515-95.                    Filed March 24, 1997.


Marvin Ziporyn, pro se.

<u>Edith E. Siler</u>, for respondent.


MEMORANDUM OPINION


GOLDBERG, <u>Special Trial Judge</u>:  The case was heard pursuant

to section 7443A(b)(3) of the Code and Rules 180, 181, and 182.[1]

Respondent determined a deficiency in petitioner's Federal income

_____

[1]     Unless otherwise indicated, all section references are to
the Internal Revenue Code in effect for the year in issue.  All
Rule references are to the Tax Court Rules of Practice and
Procedure.

tax for 1990 in the amount of $7,035. The issues for decision are: (1) Whether petitioner is entitled to a Schedule C deduction for business expenses in excess of the amounts allowed by respondent; and (2) whether petitioner is entitled to a deduction for travel expenses in excess of the amount allowed by respondent.[2]

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated by this reference. Petitioner resided in Chicago, Illinois, at the time his petition was filed.

Petitioner is a psychiatrist specializing in forensic psychiatry. Petitioner had acted as a court psychiatrist for the county of Los Angeles, California, and thus had become well known in Southern California. In 1988, petitioner began working as a forensic psychiatrist for a group based in Santa Monica, California. This work lasted approximately 14 months. In 1990, petitioner was hired by the Department of Mental Health for the county of Riverside, California, to perform psychiatric services in the county jails. Petitioner's contract with the county of Riverside, California, was not for a fixed period of time, but his employment actually lasted for 11 months in 1990. Petitioner

---

[2]    In a stipulation of settled issue filed with the Court, petitioner conceded that he is not entitled to a Schedule A deduction for unreimbursed employee expenses in the amount of $10,877 claimed on his return.

was hired to set up a forensic unit at the jail. Petitioner was originally assigned to a jail in Indio, California, and later was relocated to the main jail in Riverside, California. Petitioner's psychiatric work required his presence at the jail on Wednesday, Thursday, and Friday of each week.

Petitioner was also engaged in business as a musician. On Friday nights, petitioner played the violin at Ajetis Balkan Cafe, which is located in Hermosa Beach, California.

Each Saturday morning for 11 months during the year in issue, petitioner flew from Los Angeles, California, to Chicago, Illinois. Petitioner's personal residence was located in Chicago, Illinois, and petitioner's family resided in the area. Petitioner returned to Los Angeles, California, on Monday nights or Tuesday mornings each week. Petitioner did not maintain a log or records of travel expenses.

During 1990, petitioner rented an office suite in a building known as the Fine Arts Building, located at 410 South Michigan Avenue in Chicago, Illinois. Petitioner maintained a private psychiatry practice there with office hours from 3:00 p.m. to 7:00 p.m. on Mondays. Petitioner had several patients, some of whom he had been seeing for a number of years.

After working for the county of Riverside, California, during the year in issue, petitioner continued to work as a forensic psychiatrist in California, working for approximately 6 months consecutively for two other organizations in Southern

California. After that time, petitioner returned to Chicago, Illinois.

For tax year 1990, petitioner reported on line 7 of his Form 1040 $37,945 in wages, comprising of $37,834.89 from the county of Riverside, California, and $110 from TALCO Enterprises. The expenses incurred with respect to his California wage income were claimed on line 20 of Schedule A as "unreimbursed employee expenses" in the amount of $11,660, before the 2-percent floor. According to Form 2106, Employee Business Expenses, this total consisted of $10,340 for travel expenses while away from home overnight including lodging, airplane, car rental and other expenses, and $1,650 less 20 percent for meals and entertainment.

Petitioner reported income and expenses related to his Chicago, Illinois, practice on Schedule C. Petitioner reported gross receipts of $12,700 from his psychiatric practice. This figure was based upon petitioner's estimate of the number of hours that he saw patients and the rate that petitioner charged per hour. Petitioner claimed the following expenses on Schedule C:

| Expense | Amount Claimed |
|---|---|
| Car and truck expense | $2,420 |
| Legal and professional services | 240 |
| Rent | |
|   Other business property | 5,600 |
| Taxes and licenses | 600 |
| Travel | 7,920 |
| Meals and entertainment | |
|   $1,650 less 20 percent | 1,320 |
| Parking | 250 |

| | |
|---|---|
| Dues and subscriptions | 500 |
| Telephone | 4,043 |
| Total | $22,893 |

Petitioner did not maintain any books or records with respect to his practice.

Petitioner reported income and expenses related to being a musician on a separate Schedule C which is not at issue.

In the notice of deficiency, respondent determined that petitioner was not entitled to claim the following Schedule C expense deductions totaling $11,172 for lack of substantiation:

| Expense | Amount Disallowed |
|---|---|
| Car and truck expense | $1,523 |
| Rent | |
|   Other business property | 831 |
| Travel | 5,651 |
| Meals and entertainment | 1,011 |
| Telephone | 2,156 |

Respondent completely disallowed petitioner's claimed Schedule A deductions for unreimbursed employee expenses for lack of substantiation. Respondent further determined that petitioner's home for tax purposes was California and that the disallowed expenses represented nondeductible personal and commuting expenses. Respondent also determined a computational increase in petitioner's self-employment taxes as a result of the above adjustments.

At the end of trial, the Court requested that the parties file a supplemental stipulation of facts setting forth the expenses which petitioner claimed to have incurred, to be

segregated between his psychiatric practice in Chicago, Illinois, and his employment in California. The Court requested that the parties also stipulate to the amounts for which petitioner had provided substantiation.

Petitioner's substantiation of rent and telephone expenses, claimed on his Schedule C for 1990, consisted of canceled checks as follows:

| Payee | Amount | Date | Memo |
|---|---|---|---|
| Fine Arts Building | $770.16 | 1/16/90 | #210 |
| Fine Arts Building | 813.66 | 3/24/90 | March 1990 - #210 |
| Fine Arts Building | 799.45 | 11/30/90 | November #210 |
| Fine Arts Building | 798.68 | 12/26/90 | #210 - December |
| Illinois Bell | 229.02 | 1/29/90 | 312-922-3880 |
| Illinois Bell | 209.53 | 3/28/90 | 312-922-3880 |
| Illinois Bell | 222.28 | 5/25/90 | 312-922-3880 |
| Illinois Bell | 381.03 | 12/31/90 | 312-922-3880 |
| General Tele-Communication | 29.15 | 1/10/90 | 312-922-3880 |
| General Tele-Communication | 84.55 | 12/15/90 | -- |

Petitioner approximated his rent expense for 1990 as $9,552 based upon an estimated expense of $796 per month. Petitioner estimated his telephone expense as an average monthly amount of $260.47 based on the four checks paid to Illinois Bell.

Petitioner provided account statements from credit and charge card companies to substantiate the amounts of his travel expenses. These amounts are summarized as follows:

| Expense | Estimated Expense | Substantiated Expense |
|---|---|---|
| Airfare | $7,240 | $640.00 |
| Lodging in California | 4,680 | 765.35 |
| Rental cars | 5,720 | 1,130.79 |
| | $17,640 | $2,536.14 |

Petitioner estimated his meals expense as an average weekly amount of $100. Petitioner provided no substantiation for this amount.

Respondent's determinations are presumed correct, and petitioner bears the burden of proving them erroneous. Rule 142(a); <u>Welch v. Helvering</u>, 290 U.S. 111 (1933). Deductions are a matter of legislative grace. <u>New Colonial Ice Co. v. Helvering</u>, 292 U.S. 435, 440 (1934). Taxpayers must maintain adequate records to substantiate the amount of any deductions. Sec. 6001; Sec. 1.6001-1(a), Income Tax Regs.

Section 162 allows a deduction for ordinary and necessary expenses paid or incurred in carrying on a trade or business. Generally, except as provided by section 274(d), when evidence shows that taxpayers incurred a deductible expense, but the exact amount cannot be determined, the Court may approximate the amount. <u>Cohan v. Commissioner</u>, 39 F.2d 540 (2d Cir. 1930). However, the Court must have some basis upon which an estimate may be made. <u>Vanicek v. Commissioner</u>, 85 T.C. 731, 742-743 (1985).

<u>Car and Truck Expense</u>

Petitioner claimed a deduction for car and truck expense in the amount of $2,240. Respondent disallowed $1,523 of this deduction for lack of substantiation.

Petitioner has offered no evidence to prove that respondent's determination is incorrect. Therefore, we deem petitioner to have conceded this issue. Rule 149(b).

Rent Expense

Petitioner claimed rent expense of $5,600. Respondent disallowed $831 of this amount due to lack of substantiation. Petitioner now claims that he incurred rent expense of $9,552 for the year.

Petitioner testified that he signed a lease and rented the office in Chicago, Illinois, throughout the year, but at trial he did not produce any written documentation of this. Three of petitioner's patients testified that they saw petitioner regularly throughout the year in issue, and at least one of his patients testified that petitioner held sessions with him at this particular location. The problem we have is with petitioner's proof as to the amount of this expense. His evidence is inadequate to overcome the fact that he claimed rent expense of only $5,600 on his return. There is no explanation for this discrepancy. On this record, we find that petitioner is entitled to deduct rent expense of $5,600 as claimed.

Telephone Expense

Petitioner claimed telephone expense of $4,043. Respondent disallowed $2,156 of this amount.

Petitioner has not established that he incurred telephone expense in excess of the amount allowed by respondent.

Petitioner's estimated expense is based on an average of the amounts of the four checks which were paid to Illinois Bell. However, petitioner has not introduced any evidence to show that these payments were each for a single month or that the charges were representative of his typical usage. There is nothing in the record enabling us to determine that petitioner incurred telephone expenses in excess of $1,887. Respondent is sustained on this issue.

Travel, Meals, and Entertainment Expenses

Section 162(a)(2) allows a deduction for travel expenses, including meals and lodging. An exception to the Cohan rule is section 274(d), which prohibits the estimation of expenses for travel. Section 274(d) requires substantiation of travel expenses either "by adequate records or by sufficient evidence corroborating the taxpayer's own statement". Sec. 274(d). The records must show the amount, date, place, and business purpose of each travel expense. Id.; sec. 1.274-5T(b)(2), Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985).

In order to be deductible as an expense incurred while "away from home", a travel expense must be reasonable and necessary, and incurred in pursuit of business. Commissioner v. Flowers, 326 U.S. 465, 470 (1946). For purposes of section 162(a)(2), generally a taxpayer's home is his principal place of business. Michaels v. Commissioner, 53 T.C. 269, 273 (1969). When a taxpayer has two places of business or employment located a

considerable distance from each other, generally, he is entitled to deduct expenses incurred in traveling between such locations and for meals and lodging incurred while away from his principal place of business under section 162. Puckett v. Commissioner, 56 T.C. 1092, 1097 (1971). In determining which of two locations is a taxpayer's principal place of business, the courts have considered: the amount of time spent at each place; the proportion of the taxpayer's income earned in each position; the degree of activity engaged in by the taxpayer in each location; where the taxpayer maintains his permanent residence; and whether employment at one location is temporary. Puckett v. Commissioner, supra at 1097; Sherman v. Commissioner, 16 T.C. 332 (1951); Hoeppner v. Commissioner, T.C. Memo. 1992-703.

Petitioner conceded the amount claimed on Schedule A of his return for unreimbursed employee expenses. Respondent stated that the concession was based on the fact that petitioner's accountant had claimed identical travel expenses on Schedules A and C of petitioner's return; thus the deductions were duplicated. It is clear that petitioner's meals and entertainment expenses were claimed both on Schedule A and Schedule C in identical amounts. However, it is not clear from the amounts claimed that the same is true for petitioner's travel expenses consisting of amounts paid for airfare, lodging, and car rentals. Petitioner could not explain how his accountant came up with the total expenses as reported on his tax return. It

appears from the evidence that petitioner's airfare expense was reported on Schedule C while his lodging and rental car expenses incurred in California were reported on Schedule A as unreimbursed employee expenses. This is consistent with petitioner's employment status in California. In addition, the total expenses claimed on Schedules A and C for travel in the amount of $18,260 more closely approximate petitioner's total estimated expenses of $17,640 as set forth in the supplemental stipulation of facts. Petitioner's concession would appear to render moot the issue of the character of his employment in California as his major or minor post of duty, or as temporary or indefinite. However, it is clear from the record, including the testimony and arguments presented at trial, that neither petitioner nor respondent believed that petitioner conceded his claimed lodging and car rental expenses but instead believed that such expenses had been reported on petitioner's Schedule C. Therefore, we shall address the issue as framed by the parties.

Based on the record, we find that petitioner's principal place of business, and therefore his home for purposes of section 162, was located in California for the year in issue. For the 11 months during which petitioner worked for the county of Riverside, exclusive of travel, petitioner spent approximately the same number of days in California and Illinois. However, petitioner was present in California on business for 3 days each week while his practice in Chicago, Illinois, required that he be

present on only one afternoon each week. Petitioner earned significantly more of his income from his employment in California than he earned from his private practice in Chicago, Illinois. In addition, petitioner's employment in California was not temporary. Petitioner's actual employment in the State lasted over 3 years. See Rev. Rul. 83-82, 1983-1 C.B. 45 (actual stay of over 2 years will be considered indefinite regardless of facts and circumstances). Petitioner was hired by the county of Riverside to set up the forensic unit at its jails, and he testified that he expected the job to be of short duration based on his experience with a similar job in Santa Monica which lasted 14 months. However, by his own admission petitioner was well respected in Southern California, and his prospects for employment within that area were of an indefinite, not temporary, nature. See Ellwein v. United States, 778 F.2d 506 (8th Cir. 1985). Although petitioner maintained his residence in Chicago, Illinois, we find that petitioner's principal place of business during the year in issue was California. Therefore, petitioner is not entitled to deduct the costs of lodging, meals, or other expenses incurred in California, because these expenses were not incurred while petitioner was away from home. Petitioner is entitled to deduct the expense of traveling between California and Chicago, Illinois.

Petitioner has substantiated airline expense of $640 by his records and testimony. Petitioner has not established that he is

entitled to a deduction for travel, meals, or entertainment expenses in excess of the amounts allowed by respondent.

To reflect the foregoing,

<u>Decision will be entered under Rule 155</u>.