Francis J. and Hazel L. Markey v. Commissioner.
Markey v. Commissioner
Docket No. 7030-70.
United States Tax Court
T.C. Memo 1972-154; 1972 Tax Ct. Memo LEXIS 103; 31 T.C.M. (CCH) 766; T.C.M. (RIA) 72154; July 20, 1972
*103 Petitioner retired from General Motors employment in 1965. He resided at Lewisburg, Ohio, owned residential property there producing rental income, owned farm property, was an officer of a bank and owned a machine shop where he offered his services as a consulting engineer. In 1967 and 1968 he agreed with GM Technical Center at Warren, Michigan, to work at the shop facilities there to develop automotive inventions. GM paid him $1,000 per month and he paid his expenses. He traveled between Lewisburg and Warren weekly, a distance of 250 miles, spending usually five days at Warren and two days at Lewisburg. Respondent determined that Warren was petitioner's "home" for tax purposes. Held: Petitioner's home for tax purposes was Leqisburg and he is entitled to deduct expenses of weekly travel to Warren and return, and for lodging and meals at Warren. Joseph H. Sherman, Jr., 16 T.C. 332 (1951). Francis J. Markey, Pro se, R.R. #1, Lewisburg, Ohio. Andrew M. Winkler, for the respondent. BRUCE Memorandum Findings of Fact and Opinion BRUCE, Judge: Respondent determined deficiencies in income tax of the petitioners for the calendar years 1967 and 1968 in the amounts of $1,052.53 and $1,307.29, respectively. The petitioners *105 resided at Lewisburg, Ohio, and owned farms and income-producing rental property there. Francis J. Markey had a business in Lewisburg and was an officer of a local bank. Francis also performed services for General Motors Corporation at Warren, Michigan. Petitioners claimed deductions for expenses for travel between Lewisburg and Warren, and expenses of lodging and meals at Warren. The sole issue concerns the extent to which such deductions are allowable. Some facts are stipulated. Findings of Fact The stipulation of facts and attached exhibits are incorporated by reference. The petitioners Francis J. and Hazel L. Markey are husband and wife. They filed joint Federal income tax returns for the calendar years 1967 and 1968 on the cash basis with the district director of internal revenue at Cincinnati, Ohio. The petitioners resided at R.R. #1, Lewisburg, Ohio, during 1967 and 1968 and at the time of the filing of the petition herein. Francis J. Markey, hereinafter referred to as the petitioner, was an employee of the General Motors Corporation in Dayton, Ohio for 34 years prior to 1965. In 1965 he retired from this employment. Lewisburg is some 20 miles from Dayton. In 1966 *106 petitioner was employed by General Motors Technical Center in Warren, Michigan, near Detroit, and continued in such employment in 1967 and 1968 and thereafter. He was listed as an employee, received $1,000 per month and paid his expenses without reimbursement. Petitioner carried on a business as a sole proprietor at Lewisburg under the name of Creekview Enterprises. He offered services as consulting engineer, development engineer and light manufacturing. He had an office and a machine shop. He 767 advertised this business in the magazine of the Society of Automotive Engineers. His arrangement with the General Motors Corporation in 1966 and following years permitted him the use of more extensive machine shop facilities at Warren. He spent most of his time at Warren in working on inventions in which General Motors was to have a 50 percent interest. He had a verbal understanding as to patents on these - that he had the option to go into commercial production on them. He was too busy with General Motors work in 1967 and 1968 to perform consulting work for others. Petitioner was secretary of a local bank at Lnwisburg and member of its finance committee, for which he attended meetings *107 and received fees. The petitioners were owners of two farms and of certain apartments, houses and business rooms from which they received rental income. Petitioner also received an annuity from General Motors. The arrangement under which the petitioner was engaged in work at Warren is explained in a letter dated September 12, 1969, by the General Motors Engineering Staff, from the General Motors Technical Center at Warren, as follows: Mr. Martin L. Tobin [1]
P.O. Box 784 Dayton, Ohio 45401 Dear Sir: We were advised by Mr. Francis J. Markey that you were interested in learning about his work relationships with General Motors. Mr. Markey retired from the Corporation in 1965. He has been receiving monthly payments in accordance with his GM retirement program. Upon learning that Mr. Markey was engaged as an automotive brake consultant, and as as designer and developer of automotive products, he was invited to Detroit to consider some special assignments for GM Technical Center. The original plan was for Mr. Markey to be a consultant on a fee and expense basis, but it was pointed out that restrictions placed on non-employes at the *108 Technical Center and at all GM divisions would greatly handicap his work. Since GM does not ordinarily rehire its retirees, special arrangements were made to give Mr. Markey an employe status whereby an Engineering Staff Identification could be issued. Mr. Markey advised us of his intentions to continue to live at R.R. 1, Lewisburg, Ohio, which is his official address on our records. While in Detroit, we understand that Mr. Markey stays at various hotels and motels on a daily basis. The GM Engineering Staff is familiar with the Creek View Enterprises activity which Mr. Markey continues in Lewisburg, Ohio, as a complement to the GM work. Some of the patent developments are facilitated by his ability to do work in his shop and contact Dayton area suppliers and manufacturers, etc. Further, Mr. Markey often visits various plants throughout the country; thus, his stays in Detroit are very indefinite. Regarding the patents which have been issued to Mr. Markey and assigned to GM, and the patents pending, a special contract exists which gives Creek View Enterprises the responsibility of developing, manufacturing and promoting some of these items. As secretary of the Peoples Banking Company *109 and a member of the Financial Committee, we recognize that Mr. Markey will have to spend some days in Lewisburg to meet these obligations. We hope that the above information helps to clarify the unusual working arrangements for Mr. Markey. Sincerely yours, /s/ H. P. Kjolhede H. P. Kjolhede Director of Personnel
On the petitioners' Federal income tax return for 1967, Francis J. Markey showed his employer as General Motors Corporation, Warren, Michigan. He also made a statement relating to his service for General Motors, substantially as follows: "Principal Base of Operation - Lewisburg, O. "I work 5 days each week in Warren, Mich., for G.M. Eng. Staff. I return to Lewisburg each Friday night and spend Saturday and Sunday managing farm, apts., houses and bus. rentals. Also I work on Creekview Enterprises office and machine shop on designs, models, patents, etc. "(See 1966 return for full description of my operations.)" [2]
He computed his car expense for 50 round trips between Lewisburg and Warren at 510 miles at 10 cents per mile, or $2,550. He computed his motel expense at 50 weeks at $36.40, or $1,820. *110 He computed food expense at the estimated excess over 768 such expense at home at $3 per day, or $750, and claimed the total of $5,120 as a business expense deduction. Markey made a similar statement in the petitioners' return for 1968 and a similar computation, except that the motel expense was computed at $41.60 per week, amounting to $2,080, and the total deduction claimed was $5,380. The petitioners' income tax returns for 1967 and 1968 reported the following amounts: 1967
1968
Income
Salary
$12,217.50
$13,190.33
Dividends
4,747.20
5,359.20
Interest Income
349.18
364.08
Annuity
4,630.56
5,055.06
Fees
200.00
200.00
Rent Income
12,706.00
13,270.00
Farm Income
1,673.66
1,710.83
Expenses
Employee business ex- penses
5,120.00
5,380.00
Depreciation on Rental prop.
3,050.00
3,200.00
Repairs on Rental prop.
2,101.83
2,377.35
Other expenses on Rent- al prop.
5,039.45
4,602.12
Farm expenses
2,075.43
2,611.54
Creekview Enterprises
666.40
384.00
Income Tax Withheld
3,612.54
3,923.39
According to the petitioners' income tax returns their rental income was derived from frame buildings, apartments and a house, acquired *111 between 1938 and 1949 at a total cost or other basis of $51,300, and with improvements amounting to $15,800 prior to 1967. Expenses charged with respect to such property were as follows: 1967
1968
Taxes
$1,548.10
$1,528.43
Trucks, tools, shop exp., etc.
176.60
139.60
Water, sewage, gas, electric- ity
1,899.95
1,853.65
Administration, labor
414.20
415.40
Insurance
672.60
612.59
Interest 328.00
52.50
Totals
$5,039.45
$4,602.17
Repairs
$2,101.83
$2,377.35
Depreciation
$3,050.00
$3,200.00
Expenses for repairs were listed in detail, including paint, papering, plumbing, roofing, screens, furnace, fencing, windows and cement. The petitioners' income tax returns reported on Schedule F. Schedule of Farm Income and Expenses, income from the following sources: 1967
1968
Grain
$ 568.85
$1,223.83
Hay
438.40
32.00
Straw
5.00
Soybeans
$ 424.87
Clover seed
104.54
Pasture rent 132.00
455.00
Total
$1,673.66
$1,710.83
Farm expenses were reported as follows: 1967
1968
Labor hired
$ 94.98
Repairs, maintenance
118.13
417.99
Seed, plants purchased
87.74
152.79
Fertilizers, lime
172.89
710.51
Machine hire
150.25
278.00
Taxes
600.68
600.68
Insurance
116.76
124.72
Administration & misc.
129.60
146.85
Depreciation 605.00
680.00
Total
$2,076.03
$3,111.54
*112 The farm buildings listed for computing depreciation were a house, barn, granary, cow shed and 3 tobacco sheds, acquired in 1964 at a cost or other basis of $12,000 with improvements amounting to $9,000 in the 1967 return and $12,000 in the 1968 return. Petitioners' returns reported the following on Schedule C, Profit (or Loss) From Business or Profession: 1967
1968
Gross receipts
None
None
Expenses
Materials and supplies
$ 60.00
$ 88.00
Rent
120.00
Fees
87.40
Tool repairs
27.00
31.00
Utilities
72.00
105.00
Travel to Engineers meetings, contacts, etc. 300.00
160.00
Total
$666.40
$384.00
Respondent determined that Warren constituted Markey's tax home, and that travel expense in connection with his employment at Warren and expenses of lodging and meals at Warren are not deductible under section 162, Internal Revenue Code of 1954. Respondent allowed $612.00 in each year for travel expense from Warren to Lewisburg in connection with petitioners' income-producing property under section 212 of the Code, and business in Lewisburg under section 162. This was computed on the basis of 12 trips per year. In the notice *113 of deficiency an adjustment was made granting an additional allowance of expenses on account of Creekview, as follows: It is determined that you are entitled to additional business expenses in connection with your sole proprietorship, Creekview Enterprises, in the amounts of $661.79 and $640.94 in the taxable years 1967 and 769 1968, respectively, under Section 162 of the Code. Therefore, the net losses are increased from $666.40 to $1,328.19 in 1967 and from $384.00 to $1,024.94 in 1968. During the years 1967 and 1968 the petitioner's home for tax purposes was at Lewisburg, Ohio. Opinion The petitioner worked for many years as an employee of General Motors Corporation at Dayton, Ohio, not far from his home at Lewisburg. In 1965 he retired from this employment, receiving an annuity under the GM retirement program, and devoted his attention to his farms and rental properties, his bank position, and his sole proprietorship business as an engineering consultant. He had his own machine shop and worked on developing automotive products for commercial use with a view to obtaining patents on them. In 1966 he entered into an agreement to work at the GM Technical Center at Warren, *114 Michigan, near Detroit, where he could have the use of machine shop facilities much more extensive than those at his home. He devoted the major part of each week to work at Warren on developing inventions, and returned to Lewisburg, a distance of 250 miles, each weekend to take care of his business and property interests there. In the income tax returns for 1967 and 1968 he claimed deductions for travel expenses and for board and lodging at Warren in connection with his travel, computed upon mileage for 50 round trips between Lewisburg and Warren, plus lodging at Warren, and a part of the expense for meals at Warren. Respondent disallowed the deductions claimed for lodging and meals at Warren and allowed an amount for car expense for travel between Lewisburg and Warren on the basis of one trip per month instead of 50 trips each year. Respondent determined that Warren was the petitioner's tax home in these taxable years and that the expenses for which deduction is claimed were not incurred by petitioner while "away from home." Respondent's determination is presumed to be correct and the burden to prove that it is erroneous is upon the petitioner. I. Jay Green, 35 T.C. 764 (1961), *115 affd. 298 F. 2d 890 (C.A. 6, 1962). Where, as here, a taxpayer has an established residence and undertakes to work at a distant location, incurring expenses for lodging and board at the place of employment, the issue is presented whether such expenses are business expenses deductible pursuant to section 162 of the Internal Revenue Code of 1954, or personal and living expenses nondeductible by reason of section 262. [3] In cases where the employment at the distant location is temporary, it has been held that the related expenses are business expenses, as it is considered that for temporary work the taxpayer is not to be required to move his family and residence for a short-term job. Where the employment is indefinite or indeterminate in duration, the situs of such employment may become, for the purpose of the statute, the tax home of the taxpayer and the expenses for meals and lodging there are not "away from home" and are not deductible. Commissioner v. Flowers, 326 U.S. 465 (1946); Truman C. Tucker, 55 T.C. 783 (1971); Emil J. Michaels, 53 T.C. 269 (1969); Floyd Garlock, 34 T.C. 611 (1960); Ronald D. Kroll, 49 T.C. 557 (1968); *116 Peurifoy v. Commissioner, 358 U.S. 59 (1958). Respondent contends that Markey's employment in Warren was indefinite and indeterminate, rather than temporary. He undertook an oral arrangement, intending to work only for six months or one year, but continued into 1971 as he developed new ideas and applied for patents on the products. If the arrangement was temporary at first, apparently it had developed into an indefinite one. Respondent stresses the comparative time devoted in Warren and Lewisburg and the small amount of income derived *117 from petitioner's business efforts at Lewisburg. Respondent says that petitioner sometimes worked for 10 hours per day in Warren, he earned $12,000 each year there while his net earnings from business interests in Lewisburg were only $724.76 in 1967 and 770 $1,164.88 in 1968. In S.M.R. O'Hara, 6 T.C. 841 (1946), cited by the respondent, the taxpayer was appointed to the office of Secretary of The Commonwealth of Pennsylvania which required her attendance at the State Capitol in Harrisburg. She retained an apartment in Wilkes-Barre, where she formerly had an established law practice, and claimed deductions for her living expenses at Harrisburg. We noted that the proceeds of the law office in the taxable years were insignificant in comparison with the salary of the official position, $10,000, and held that Harrisburg was her principal post of employment and that the expenses there were not incurred while "away from home." Petitioner contends that he was a consultant, not an employee, that the amount of $1,000 per month paid him was in part a fee for his consulting services and in part reimbursement for expenses. The arrangement of paying him in the way of a salary *118 and withholding of income tax upon it was, he says, to avoid bookkeeping concerning the expenses, and to give him access to the Technical Center and was not intended to be a true employment. General Motors, he says, would not hire him as an employee at his age and would not give him patent rights as an employee. He found it essential to make weekly trips between Lewisburg and Warren to take care of his business interests at Lewisburg. He contends that his expenses at Warren were travel expenses while away from home in pursuit of a trade or business. Petitioner stipulated that in June of 1966 he was employed by General Motors Technical Center in Warren and that he had continued in such employment to the date of the hearing. We do not consider it determinative whether the relationship was a true employment or whether he was "employed" as an independent contractor to work on inventive projects of his own selection with the benefit of the shop facilities of the Technical Center and sharing with GM any patents derived from his efforts. In the first situation the expenses were incurred in the trade or business of his employer, General Motors; in the second they were incurred in his own *119 trade or business. In either case the question remains whether the petitioner while at Warren was "away from home." Where a taxpayer has two occupations at points distant from each other a different problem is presented. In Joseph H. Sherman, Jr., 16 T.C. 332 (1951), acq. C.B. 1951-2, 4, the taxpayer owned a home and lived with his family in Worcester, Mass. He had been employed for several years as production manager and purchasing agent for a company engaged in the manufacture of plastic products. In 1945, while still so employed, he formed and operated, as sole proprietor, a sales company in New York City, which handled some 80 percent of the production of the plastics manufactured. He maintained a mailing address in New York where he picked up letters from customers but had no office and no employees there. Sales made were due to his personal efforts. While in New York he stayed at a hotel. His rewards from the New York venture in 1945 exceeded his Worcester earnings for that year. In holding that the taxpayer's home was Worcester and that his New York traveling expenses, including meals and lodging, were deductible, we said: This Court has heretofore recognized *120 that a taxpayer may have more than one occupation or business, and has held that where it is shown that the taxpayer has two occupations which require him to spend a substantial amount of time in each of two cities, he is entitled to the deduction of traveling and other ordinary and necessary business expenses incurred in connection with attendance upon the one removed from his residence. In Walter F. Brown, 13 B.T.A. 832 (1928), acq. C.B. VIII-1, 6, the taxpayer was engaged in the active practice of law in Toledo, Ohio. He was appointed Chairman of the Congressional Joint Committee on Reorganization of Executive Departments. He spent about 2 weeks of every month from May to December 1921 in Washington, where the work of the Committee was done. It was held that the taxpayer's expenses for travel to and from Washington and for meals and lodging while there were deductible as ordinary and necessary expenses incurred in carrying on a trade or business. The travel was a necessary part of his duties as chairman of the Committee. In Joseph W. Powell, 34 B.T.A. 655 (1936), affd. 94 F. 2d 483 (C.A. 1, 1938), the taxpayer lived near Boston and conducted *121 his principal business activities there. He also spent about 3 days of each week in New York, where he managed two corporations and tried to arrange a consolidation involving one of the companies. He received 771 a $20,000 salary from one and a small amount from the other of the corporations. We allowed deduction of the travel expenses and expenses of board and lodging in New York as expenses incurred in the taxpayer's trade or business. In Arthur C. Puckett, Jr., 56 T.C. 1092 (1971), the taxpayer was postmaster at LaVergne, Tennessee. He was also an officer in the Tennessee National Guard. In order to qualify for promotion he attended a Reserve Officers' Training School of the U.S. Army at Fort Knox, Ky., for about 5 months in 1967, taking leave from his post office employment. Since he was responsible for the proper administration of the post office he traveled each weekend from Fort Knox to LaVergne and return, a round trip distance of about 380 miles. It was held that the taxpayer's employment at Fort Knox was temporary, that while there he was "away from home" within the meaning of section 162(a)(2), and that he was entitled to deduct traveling expenses, including *122 expenses for meals and lodging while there, which were not reimbursed and which were substantiated within the requirements of section 274(d). It was further held that his expenses for travel on weekends from Fort Knox to LaVergne and return to attend to the administration of the post office were ordinary and necessary expenses of his occupation as postmaster, and deductible. The petitioners had a considerable investment in property in the Lewisburg area from which income was derived. The income tax returns report gross rentals of $12,706 in 1967 and $13,200 in 1968 from apartments, business rooms and houses. The rental properties, according to the tax returns, were frame buildings acquired from 1939 to 1949, having a cost of over $50,000 and with improvements costing $15,000 more. The net income from rentals, after deductions for expenses, repairs and depreciation, were $2,514.72 in 1967 and $3,090.53 in 1968. The petitioners also had two farms near Lewisburg and reported farm income from crops and pasture rent, and expenses for seed, fertilizers and machine hire, and a small amount, $94.98, for labor in 1967 only. The farm expenses with taxes and insurance resulted in a net loss *123 as reported of $461.77 for 1967 and $900.71 for 1968. The schedule of depreciation lists a farm house, barn, granary, cow shed, and tobacco sheds, acquired in 1964 at a cost of $12,000 with subsequent improvements at a cost of $9,000. Francis J. Markey also advertised himself as a consulting engineer doing business as Creekview Enterprises, a sole proprietorship. He filed a Schedule C with each tax return reporting profit or loss from business or profession. He reported no receipts, but listed business expenses, including tool repairs, and travel to engineering meetings. The schedules reported losses of $666.40 for 1967 and $384.00 for 1968. In the present case the petitioner did not realize $12,000 per year from his work at Warren, as respondent contends. That figure should be offset by a share of the expenses relating to the job. The determining factor here is that petitioner's business interests in Lewisburg were more important to him than those in Warren and required his presence in Lewisburg for some time in each week. He was secretary of the bank and member of its finance committee, requiring his attendance at meetings. His farm properties required his presence to see that *124 they were being properly managed. His rental properties required attention for collecting rents and for proper maintenance, and his proprietorship of Creekview required attention. Respondent recognizes this in allowing additional expenses of this business not claimed in the tax returns. The sum and extent of his duties at Lewisburg was such that his "tax home" was there, and Warren was a distant post from his tax home. As petitioner points out, he would not be running the hazard of weekend travel on every weekend for 500 miles for his personal convenience. We hold that his "tax home" was Lewisburg, and that he is entitled to the deductions claimed for his travel to and from Warren and for his lodging and meals while at Warren. Decision will be entered under Rule 50. 772 Footnotes
1. The addressee is not identified.↩
2. The petitioners' 1966 income tax return is not in evidence.↩
3. SEC. 162. TRADE OR BUSINESS EXPENSES. (A) In General. - There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including - * * * (2) traveling expenses (including amounts expended for meals and lodging other than amounts which are lavish or extravagant under the circumstances) while away from home in the pursuit of a trade or business; and * * * SEC. 262. PERSONAL, LIVING, AND FAMILY EXPENSES. Except as otherwise expressly provided in this chapter, no deduction shall be allowed for personal, living, or family expenses.↩