**JOHN D. HENSLER, INC., Plaintiff,**

v.

**The UNITED STATES, Defendant.**

No. 38–82C.

United States Claims Court.

May 9, 1984.

Patrick J. Duffy, Los Angeles, Cal., for plaintiff. G. Robert Hale, Monteleone & McCroy, Los Angeles, Cal., of counsel.

Richard W. Oehler, Washington, D.C., with whom was Asst. Atty. Gen. Richard K. Willard, for defendant. Ernest London, Office of the Field Sol., Dept. of the Interior, Phoenix, Ariz., of counsel.

## ORDER

NETTESHEIM, Judge.

Further to the findings of fact entered on the record pursuant to RUSCC 52(a) on January 18, 1984, the court issued an order on February 3, 1984, requiring the parties to submit post-trial findings and briefs on the issues of quantity and quantum by a date which was extended by subsequent order.

On April 10, 1984, the parties filed their joint Stipulation Re: Quantities of Work Performed and Damages Resulting from Court's Ruling on Liability. The stipulation substantially advanced ultimate resolution of the case and advised the court that only one issue remained for decision, to wit, the amount of damages under Change Order No. 1. Plaintiff took the position that it was entitled to $183,784.00, whereas defendant contended that the amount should be $139,330.00. The stipulation revealed plaintiff's theory supporting its preferred amount, but not the basis for de-

fendant's inability to stipulate to that figure.

In its post-trial brief, defendant argued that because Change Order No. 1 provided that "[t]he net increase in the contract due to this order is—$139,330.00" and because plaintiff's signature to the change order acknowledged "that he [it] has no unsatisfied claim against the Government arising out of or resulting from this order and that the contractor hereby releases and discharges the Government from any and all claims whatsoever arising out of or resulting from this order," plaintiff should be bound by this release provision. Defendant states:

> [W]e further note that if plaintiff wished to argue that it was entitled to more than the agreed-upon amount reflected in Change Order No. 1, it was encumbant upon it to present evidence to overcome the clear language of the modification. Having failed to produce any evidence in support of its argument that the language of the agreement should be rejected in favor of the parties' understanding, it may not prevail.

Def's Br. filed Apr. 17, 1984, at 2–3; Def's Br. filed May 8, 1984, at 3–4.

Defendant's argument puts the shoe on the wrong foot. At the outset of trial on January 11, 1984, the court read into the record the issues to be tried. This listing derived from memoranda submitted by the parties incident to trial, after having been ordered to set forth all issues to be tried.[1] Plaintiff's first issue, with which defendant did not disagree, was the quantity of excavation actually performed under Change Order No. 1. In its earlier pretrial submission, defendant had stated that the issue with respect to Change Order No. 1 was that plaintiff was claiming an additional 432.3 cubic yards over that which the Government agreed to compensate—1289 cubic yards. Defendant's figure itself was 89 cubic yards greater than that stated in

1. Before transfer to this court, the parties had proceeded under a pretrial order requiring staggered submissions. Before trial another order issued requiring submission of a "list of factual issues to be tried."

Change Order No. 1.[2] Before opening argument, the Government, by its former attorney of record, asked the court to exclude an issue from the list of issues to be tried because plaintiff had allegedly proffered issues raised for the first time in the memoranda identifying issues for trial. In short, defendant's former counsel understood that the parties were bound to try the issues that had been identified in the latest pretrial memoranda. *See* RUSCC 16(a)(1)(i)(iv).[3] After plaintiff had put on its rebuttal testimony and after defendant had offered no surrebuttal, defense counsel took the position that Change Order No. 1 constituted an accord and satisfaction with no reservation of rights. This assertion simply came too late. The issue tried with respect to Change Order No. 1 was the quantity excavated by plaintiff, not whether Change Order No. 1 was lump sum, as opposed to unit price.[4]

Not surprisingly, plaintiff did not attempt to introduce testimony or other evidence dealing with the significance of the release language, the understanding of the parties with respect to the modification, and the parties' conduct in interpreting Change Order No. 1, because that issue had not been identified as one to be tried. This is not to say that the modification question was not a valid one, but it is not an issue of which defendant gave plaintiff such notice that plaintiff reasonably could be expected to have tried it. The legal effect of the modification is not purely a question of law. Thus, the court cannot consider trial counsel's contention, after plaintiff had completed presentation of its case, that plaintiff had executed a release purely as a legal matter and not "a factual issue to be tried." *Cf. Foster v. United States*, 733 F.2d 88, 90–91 (1984).

Defendant's argument must be rejected on the independent ground that defendant's answer filed on April 5, 1982, did not set forth accord and satisfaction or release as affirmative defenses, as required by former Court of Claims Rule 37(a).

The Court did not accept plaintiff's testimony on excavated quantities with respect to any of plaintiff's claims and charged the parties to resolve their differences based on defendant's exhibits. It is noted that the amount set forth in the parties' stipulation, upon which plaintiff bases its claim to the amount due, is 77.3 cubic yards less than that plaintiff claimed in this litigation.

Based on the foregoing,

IT IS ORDERED, as follows:

1. Judgment shall enter for plaintiff in the amount of $291,328.00, plus interest in accordance with the Contract Disputes Act of 1978, 41 U.S.C. § 611 (1982), from June 3, 1981, until payment thereof.

2. Plaintiff shall recover its costs other than that of obtaining an expedited transcript of the court's bench ruling. 28 U.S.C. § 2412(a) (1982); RUSCC 54(d).

3. Defendant's counterclaim shall be dismissed.

---

**2.** Change Order No. 2 read in pertinent part: "a. Rock excavation, 1200 cubic yards: $96.00 per c.y. ..... $115,200.00."

**3.** Rule 16 was amended effective February 15, 1984, after trial. Former RUSCC 16(a)(4) was to the same effect.

**4.** The court referred to the dispute under Change Order No. 1 as an accounting allocation problem in the sense that amounts due under Change Order Nos. 1 and 3 had been withheld due to alleged overpayment on Bid Item No. 1.