**Michael J. BERNARD, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

**No. 205–84 T.**

United States Claims Court.

Dec. 31, 1986.

John P. Rice, Jr., Cleveland, Ohio, for plaintiff.

Stella A. Gieseler, Washington, D.C., with whom were Asst. Atty. Gen. Glenn L. Archer, Jr., and Mildred L. Seidman, for defendant.

## OPINION

SMITH, Chief Judge.

Plaintiff, Michael J. Bernard ("taxpayer"), brought suit in this court seeking a $15,432.38 tax refund. On taxpayer's 1979 and 1980 tax returns, he claims business deductions for entertainment, gifts, travel, meals, lodging, home as office, telephone, accounting, and licensing expenses all of which he incurred in his capacity as sales representative or as sales manager. The Internal Revenue Service (the "IRS") disallowed these deductions in their entirety.

Most of these deductions were said to be unsubstantiated. See I.R.C. § 274(d) (1976). Taxpayer's travel expenses were also said to be in violation of the requirements of I.R.C. § 162(a)(2). The "home as office" deduction, had been denied on the basis that the alleged home as office was not used exclusively for business reasons. See I.R.C. § 280A (1976).

Thereafter, the taxpayer filed amended returns requesting refunds in the amounts of $7,107.00 for the tax year 1979 and $8,325.38 for the tax year 1980. The IRS fully disallowed the request and the taxpayer brought suit in this court to collect his claim of $15,432.38.

## FACTS

Taxpayer was a salesman for General Development Corporation ("GDC"), a company which sold Florida property. He worked solely on a commission basis except for the period between February 1 to October 10, 1979. During this time, taxpayer earned additional income as a sales manager. Throughout the entire two years in dispute, he worked seven days a week and covered his sales territory which encompasses the entire state of Ohio. Meal, lodging, and automobile costs for these trips were not recoverable from the GDC.

In the course of many of these non-reimbursable travels, taxpayer went to GDC hosted dinner parties for the purpose of meeting potential buyers. These parties were held throughout Ohio and occurred two or three times a week. All of the parties included a sales presentation of the Florida property.

Taxpayer solicited additional sales outside of GDC's arrangements. He would often take potential buyers to dinner and present GDC's property. If a sale took place, taxpayer would further entertain the buyer with drinks. Taxpayer not only entertained these potential buyers but also previous ones as well because they were often a good source for finding future clientele.

Throughout most of the tax years in dispute, taxpayer worked solely out of

GDC's home office in Cleveland. However, from February 1, 1979 to October 10 of the same year, taxpayer was given the additional position of sales manager for GDC's Toledo branch office.

While serving as the Toledo sales manager, taxpayer continued to travel in his capacity as sales representative every Friday afternoon until Monday morning. He performed his Toledo responsibilities of recruiting, training, directing sales, and establishing a market from Monday afternoon until Friday morning. Meanwhile, he maintained his apartment in Cleveland as his permanent residence but had the added burden of extensive travel, lodging, and meal costs for the extra days spent while he was away. GDC did not cover these Toledo expenses just as it did not cover taxpayer's expenses incurred in his capacity as sales representative.

Besides travel and entertainment expenses, taxpayer alleged deductions for his home as an office. Taxpayer testified that although GDC provided him with a desk and a phone, GDC failed to provide him with a separate office. As a result, taxpayer kept an office in his home for privacy reasons. The home office was supposedly a more convenient place to work because he was free from disturbances caused by the other salesmen. Neither the taxpayer nor the government provided any evidence as to whether the home office room was completely converted to sole business use.

Taxpayer also claimed expenses for gifts which were incurred to thank those who referred future buyers. Other deductions included telephone calls concerning business, compensation for an attempt to obtain a business license, and compensation for providing accounting services.

The IRS disagreed with the taxpayer on all of the above claims and denied all of the deductions. Those deductions are the subject of this dispute.

## DISCUSSION

### Entertainment, Travel, and Gift Expenses

The government's major claim against the taxpayer's entertainment, travel, and gift expenses for the years in question is that none of these items were substantiated. *See* I.R.C. § 274(d). Specifically, I.R.C. § 274(d) requires that

> unless the taxpayer substantiates [his legitimate entertainment and travel expenses] by adequate records or by sufficient evidence corroborating his own statement (A) the amount of such expense or other item, (B) the time and place of the travel, entertainment, amusement, recreation, or use of the facility, or the date and description of the gift, (C) the business purpose of the expense or other item, and (D) the business relationship to the taxpayer of persons entertained, using the facility, or receiving the gift.

In order to meet the "adequate records" requirement, "a taxpayer shall maintain an account book, diary, statement of expense or similar record ... and documentary evidence ... which, in combination, are sufficient to establish each element of ... expenditure...." Treas.Reg. § 1.274–5(c)(2) (1979). If a taxpayer fails to meet this "adequate records" requirement, the taxpayer may substantiate with alternative sufficient evidence corroborating his own statement. *See* Treas.Reg. 1.274–5(c)(3) (1979). Under the latter alternative the taxpayer must establish proof of each item:

> (i) By his own statement, whether written or oral, containing specific information in detail ...; and

> (ii) By other corroborative evidence sufficient to establish ... [its existance].

*Id.*

The corroborating evidence can be circumstantial and include third party testimony. Such evidence must be direct and related to the various elements. Treas. Reg. 1.274–5(b)(1). Entertainment expenses require proof of the elements of amount, time, place, business purpose, and business relationship (people entertained). Treas.Reg. 1.274–5(b)(3)–(4). Travel costs require proof of the elements of amount, time, places, and business purpose. Treas.

Reg. 1.274–5(b)(2). Lastly, gifts require proof of amount, time, description, business purpose, and business relationship (recipient of the gift). Treas.Reg. 1.274–5(b)(5).

The taxpayer's documentation of expenses here did not meet the stringent requirements under the "adequate records" standard. *Accord Rutz. v. Commissioner,* 66 T.C. 879, 882–83 (1976). Yet, taxpayer clearly has enough proof to sufficiently corroborate his claimed tax deduction with "other sufficient evidence."

■ All of the expenses were for a business purpose. Entertainment was provided by the taxpayer to promote a sale. Travel was necessary to meet the clientele throughout his sales area and to perform his supervisory functions in Toledo. As for gifts, these items helped to promote good will between himself and those former individuals who referred the taxpayer to a successful sale.

■ In addition to proving that the requisite business purposes existed, taxpayer also proved the other individual elements of amount, time, place, description, and business relationship that was required for each separate item. *See Dowell v. United States,* 522 F.2d 708, 714 (5th Cir.1975), *cert. denied,* 426 U.S. 920, 96 S.Ct. 2626, 49 L.Ed.2d 374 (1976) (a blizzard of bills is not enough where each item is not proved specifically). *See generally* Treas.Reg. 1.274–5(b). Taxpayer produced direct written corroborative evidence such as cancelled checks, receipts, and record keeping notations documenting his expenses. While these record keeping methods were not ideal nor enough in and of themselves, these documents in combination with the taxpayer's testimony generally provided sufficient corroborating evidence to satisfy the remaining requirements of I.R.C. § 274(d) and its corresponding regulations. Although the government contended that much of the evidence was questionable, it failed to support its position with any evidence of its own.

Accordingly, the court finds that taxpayer furnished enough corroborative evidence to establish that taxpayer was entitled to most of the entertainment, travel, and gift expenses claimed with the following exceptions:

Business, Entertainment and Gift Deductions Disallowed

**1979**

| Exhibit # | | | |
|---|---|---|---|
| 9–1 C | Hyatt Regency Hotel (in Hawaii) | | |
| | ½ of $446.55 | = | $223.27 |
| 9–5 C | Newport Resort Motel (in Miami) | | |
| | ½ of $188.88 | = | $ 94.44 |
| 9–11E | Theatre Seat | | $ 18.10 |
| 9–10A | Lunch with Secretary | | $ 10.92 |
| 9–2 A | Gift for Customer | | $ 42.17 |
| 9–9 F | Gift for Referral | | $143.48 |
| | **1979 Total** | | **$532.38** |

**1980**

| | | |
|---|---|---|
| 10–2 H | Theatrical Statement | $ 10.00 |
| 10–7 H | Lunch for self before meeting | $ 8.45 |
| 10–10F | Ramada Inn | $ 93.60 |
| 10–6 I | Dinner | $102.64 |
| 10–10E | Restaurant | $ 10.00 |
| 10–12E | Christmas Party | $107.00 |
| 10–1 E | Casual Corner | $ 22.34 |
| 10–3 D | Gift for Referral | $ 31.64 |
| | **1980 Total** | **$385.68** |
| | **TOTAL** | **$918.06** |

**Travel Expenses for the Toledo Office**

The next area of contention between the government and the taxpayer concerns his extra travel expenses deducted while acting in his capacity as sales manager for the GDC Toledo office. The government argued that these expenses were "lavish and extravagant" and not incurred while "away from home" nor "in the pursuit of a trade or business." *See* I.R.C. § 162(a)(2).

Section 162(a)(2) allows a deduction for "traveling expenses (including amounts expended for meals and lodging other than amounts which are lavish or extravagant under the circumstances) while away from home in the pursuit of a trade or business...." On the other hand, "no deduction shall be allowed for personal, living, or family expenses" unless there is an express provision in the code to the contrary. I.R.C. § 262 (1976).

Ordinarily, a taxpayer lives near a single workplace and in this circumstance the cost of such meals, commuting, and lodging would not be deductible. *Accord e.g., McCabe v. Commissioner* 688 F.2d 102, 105–06 (2nd Cir.) (commuting expenses to and from work are not deductible), *cert. denied,* 459 U.S. 906, 103 S.Ct. 208, 74 L.Ed.2d 166 (1982); *Pevsner v. Commissioner,* 628 F.2d 467, 469 (5th Cir.1980) (commuting expenses and meals during work are not deductible). The intent and purpose of the travel deduction is to ease the burden of those workers who have a permanent residence but who are often forced to live on the road. *Rosenspan v. United States,* 438 F.2d 905, 912 (2nd Cir.), *cert. denied,* 404 U.S. 864, 92 S.Ct. 54, 30 L.Ed.2d 281 (1971). It also has been held to be of assistance to those who work at two places of employment. *Markey v. Commissioner,* 490 F.2d 1249, 1255 (6th Cir.1974).

Deductible travel expenses under I.R.C. § 162(a)(2) and non-deductible travel expenses under I.R.C. § 262 can often be differentiated from each other on the basis of whether or not the taxpayer is found to have acted while "away from home." *E.g., United States v. Correll,* 389 U.S. 299, 302, 88 S.Ct. 445, 447, 19 L.Ed.2d 537 (1967). In order to decide if a taxpayer was "away," this court must first determine the location of a taxpayer's home. Such a home is generally held to be his place of abode at or near his principal place of business. *Accord e.g., Michel v. Commissioner* 629 F.2d 1071, 1073 (5th Cir.1980) (per curiam); *Coombs v. Commissioner,* 608 F.2d 1269, 1273–76 (9th Cir.1979). If taxpayer's home is found to be at or near his principal place of business rather than the asserted location, no such deductions will be allowable. *Markey v. Commissioner,* 490 F.2d 1249 (6th Cir.1974), *rev'g,* 31 T.C.M. (CCH) 766 (1972).

The government's position is that Toledo was taxpayer's home since Toledo was taxpayer's principal place of business during his tenure as sales manager. Therefore, meal and lodging expenses incurred in To-ledo did not occur while taxpayer was "away." *See* I.R.C. § 162(a)(1). However, the government fails to consider in its analysis that the Toledo office was not taxpayer's sole place of business. In particular, taxpayer maintained not one but two jobs for the thirty-six weeks in question.

Instead, the cases the government relies upon in asserting that Toledo was, in fact, the taxpayer's home are not factually analogous. In those cases, the taxpayer either had no permanent residence, *Rosenspan v. United States,* at 907, or had no business reason for maintaining his residence away from the job site. *Commissioner v. Flowers,* 326 U.S. 465, 66 S.Ct. 250, 90 L.Ed. 203 (1946).

In this dispute, taxpayer has a permanent residence in Cleveland. This residence was not maintained merely for personal reasons as in *Flowers,* 326 U.S. at 473–74, 66 S.Ct. at 253–54. It was kept because taxpayer continued substantial activity there. Cleveland was where he retained his duties and responsibilities as sales representative. It was where he kept all of his business records, attended weekly meetings, and received sales assignments and packets.

The IRS and the courts do allow taxpayers with more than one place of business to deduct certain costs. These costs include travel, meals, and lodging expended in trips to, from, and at taxpayer's minor place of business. However, these trips must be of such length that they require "sleep or rest." *E.g.,* Rev.Rul. 75–432, 1975–2 C.B. 60; Rev.Rul. 60–189, 1960–1 C.B. 60.

Thus, when a taxpayer both earns a substantial income and stays overnight in each of two locations, the difficult question to resolve is which location is the principal place of employment and which is the minor one. This court finds the three-part definitional test adopted by *Markey v. Commissioner,* determinative. *See* 490 F.2d at 1252.

In *Markey,* the taxpayer worked during the week at a General Motors facility in Michigan where he earned about $1,000 a

month. He traveled each weekend to a town in Ohio where he had a home and maintained several individual businesses which produced marginal income. Taxpayer averred that his "tax home" was in Ohio and claimed deductions under section 162(a)(2) for the costs of traveling between Michigan and Ohio and for living expenses while in Michigan. The Tax Court applied a subjective test and allowed the deductions because it found that his Ohio business interests were more important to the taxpayer than his Michigan job and that those interests required his regular presence in Ohio. The Sixth Circuit reversed. It required the application of an objective test in which the following factors were considered:

(1) the length of time that taxpayer spent in ... [the two locations]; (2) the degree of taxpayer's business activity in each place; and (3) the relative proportion of taxpayer's income derived from each place.

490 F.2d at 1252.

■ Under the three factors of *Markey*, Cleveland must be held as taxpayer's principal place of business for the tax period in question. From the trial record, it is clear that the taxpayer worked seven days a week: three days a week in Cleveland and four days in Toledo. Therefore, the total length of time spent in each place of business was not significantly different. Regarding the second and third factors, the bulk of the taxpayer's business activity and financial income came from his sales capacity in Cleveland. The taxpayer kept all of his business records in Cleveland. He received 8–10% commissions on all of his sales as a sales representative but only $200 a week plus 1–2% commissions as sales manager of the recently established GDC branch office. Taxpayer testified that the incentive for accepting the sales position was for the "extra" commission and prestige. He took the promotion with the understanding that he would continue with his own sales activity and territory.

■ Upon finding that taxpayer's minor place of business was located in Toledo, this court finds that the claimed expenses were "ordinary and necessary" and incurred "in pursuit of a trade or business." *Commissioner v. Flowers*, 326 U.S. at 470, 66 S.Ct. at 252; I.R.C. § 162(a)(2). Such expenses were the only practical way to maintain the different jobs at the distant locations. This rationale could hardly be deemed as personal.

### Business Use of Dwelling

In addition to the above items, taxpayer claimed a deduction for his business use of his home. For business use of a portion of a home to be deductible, the code require that the portion of a dwelling be "exclusively used on a regular basis .... for the convenience of the employer." I.R.C. § 280A(c)(1) (1976 & Supp. III 1979). Congress intended that

[e]xclusive use of a portion of a taxpayer's dwelling unit means that the taxpayer must use a specific part of a dwelling unit solely for the purpose of carrying on his trade or business. The use of a portion of a dwelling unit for both personal and for carrying on a trade or business does not meet the exclusive use test.

H.R. Rep. NO. 94–658, 94th Cong., 1st Sess. 161 (1975).

GDC did not require its salesmen to maintain office in their personal residences. In fact it maintained an office for its employees use. The taxpayer chose to use his home instead because it was comparatively quiet. The home as office was therefore maintained for personal rather than business reasons. *Accord Bodzin v. Commissioner*, 509 F.2d 679, (4th Cir.1975) (the court found that a home office deduction was not allowable where taxpayer's employer maintained an office for him but taxpayer found it more pleasant and convenient to work at home), *cert. denied*, 423 U.S. 825, 96 S.Ct. 40, 46 L.Ed.2d 41 (1975).

■ Accordingly, taxpayer's home as office deduction is denied. He is not entitled to the home as office $833.72 deduction for 1979 nor home as office $935.70 deduction for 1980.

## CONCLUSION

Most of taxpayer's entertainment, travel, and gift expenses were substantiated. Taxpayer's travel expenses incurred for his Toledo office were "away from home" and otherwise valid. The home as office expenses should be denied though because the home office was used merely for personal reasons. As for defendant's remaining objections concerning the deductibility of business phone calls, gifts as commissions, personal compensation in an attempt to obtain a license, and payment for accounting work, this court holds that these arguments have no merit and do not warrant further consideration.

Pursuant to the above findings:

1. Taxpayer's amended return requested a refund of $15,432.38. However, this court disallows $532.38 from the 1979 deductions for business and entertainment expenses and $385.68 from the 1980 deductions for business and entertainment expenses. The court also disallows the home office deduction of $833.72 for 1979 and $935.70 for 1980. The court holds that the taxpayer is entitled to a refund in the amount of $15,432.38 less the effect of the disallowed deductions.

2. Defendant's Motion for Leave to Amend the Answer to Add a Counterclaim and Set off is allowed. Defendant's Counterclaim is allowed.

3. Parties are directed to enter into a stipulation pursuant to the above findings and to file such stipulation with the court by February 6, 1987.

4. Costs to Plaintiff.