Michael J. **BERNARD**, Plaintiff,

v.

The **UNITED STATES**, Defendant.

No. 205–84T.

United States Claims Court.

July 9, 1987.

John P. Rice, Jr., Cleveland, Ohio, for plaintiff.

Stella A. Gieseler, Washington, D.C., with whom were Asst. Atty. Gen. Glenn L. Archer, Jr. and Mildred L. Seidman, for defendant.

### ORDER

SMITH, Chief Judge.

Following an adverse result in original proceedings of this court, *Bernard v. United States,* 11 Cl.Ct. 437 (1986), the government filed a motion for reconsideration pursuant to RUSCC 59. This motion requested reconsideration of this court's findings of substantiation concerning plaintiff's gift, travel, and entertainment deductions under I.R.C. § 274 (1976); and of its findings concerning plaintiff's tax home for the purposes of I.R.C. § 162(a)(2) (1976). Defendant also requested reconsideration of this court's award of gift and auto expense deductions. It claims that the gift deductions awarded are above the $25.00 limit of I.R.C. § 274 (1976) and that the 1979 auto gas deductions were erroneously calculated.

This court will not reconsider the substantiality of plaintiff's deductions for the purposes of I.R.C. § 274 nor the location of plaintiff's tax situs for the purposes of I.R.C. § 162(a)(2). These issues have already been argued at length and disposed

of by our previous opinion. Reconsideration would be a wasteful use of judicial resources, and a refusal to grant a motion for reconsideration is within the discretion of this court. *e.g., Mobilization Committee v. Jefferson,* 617 F.2d 848, 850 (D.C.Cir. 1980); *United States v. Carolina Eastern Chemical Co.,* 639 F.Supp. 1420, 1424 (D.S.C. 1986); *see e.g., Power Lift, Inc. v. Lang Tools Inc.,* 774 F.2d 478, 481 (Fed. Cir.1985).

■■■ This court also refuses to grant a motion for reconsideration on defendant's claim of erroneous 1979 auto calculations. Although Exhibits 100–02 containing defendant's alleged proof of erroneous calculations were submitted at trial per stipulation, they were never used at trial to argue the point. Motions pursuant to RUSCC 59 are not to be used as relief because an unhappy party failed to urge a theory which it could have raised in original proceedings. *E.g., Grumman Aircraft Eng'g Corp. v. Renegotiation Board,* 482 F.2d 710 (D.C.Cir.1973), *rev'd on other grounds,* 421 U.S. 168, 95 S.Ct. 1491, 44 L.Ed.2d 57 (1975); *Murnane v. American Airlines,* 482 F.Supp. 135, 152 (D.D.C.1979), *aff'd on other grounds,* 667 F.2d 98 (D.C.Cir.1981), *cert. denied,* 456 U.S. 915, 102 S.Ct. 1770, 72 L.Ed.2d 174 (1982). Moreover, Motions for Reconsideration will not be considered merely because counsel failed to properly evaluate evidence in its possession. *United States v. Bransen,* 142 F.2d 232, 235 (9th Cir.1944); *United States v. Carolina Eastern Chemical Co.,* 639 F.Supp. at 1424; *Aerated Products Co. of Los Angeles v. Aeration Processes, Inc.,* 95 F.Supp. 23, 30 (S.D.Cal.1950).

The government concedes that issues not raised in original proceedings cannot be raised in Motions for Reconsideration. It contends though that it did, in fact, raise the auto issue. The government then refers to its Pretrial Memorandum, to Exhibits 100–02 introduced at trial, and to its Post Trial Memorandum.

Despite the government's position, this court finds that no such assertion of erroneous auto calculations was made. The government's Pretrial Memorandum never discussed the issue, but simply wrote a label called "Car Expenses" on a chart which contained numerous other itemized deductions. Defendant's Submission in Compliance with Order at 4. During the government's cross examination at trial, it raised Exhibit 100 (1979 tax return and power of attorney) only with reference to plaintiff's signatures. Exhibit 101 (the IRS' ninety day letter) was only raised to question plaintiff on whether he had seen the document. Exhibit 102 (an Amended 1979 Tax Return) was never raised at all.

■■■ The only time when the government argued that plaintiff had erroneously calculated his 1979 auto expenses was in its Post Trial Memorandum. Defendant's Post Trial Memorandum at 13–17. Yet, one side's raising of a new argument in his Post Trial Memorandum is too late to be considered part of the original proceedings since the opposition has no effective opportunity to respond. *See Hensler v. United States,* 5 Cl.Ct. 92 (1984), *aff'd* 765 F.2d 158 (Fed.Cir. 1985).

Citing *Grumman Aircraft Eng'g Corp.,* the government contends that issues can indeed be legitimately raised in Post Trial Memorandum. Specifically, it states that the court in *Grumman Aircraft Eng'g Corp.* held that the issue of executive privilege should have been raised in the original proceedings and that part of these original proceedings were *"the memorandum of points and authorities subsequently submitted to the Court or in oral argument before the District Court."* 482 F.2d at 721 (emphasis added). The government claims that this memorandum in *Grumman Aircraft Eng'g Corp.* was a Post Trial Memorandum.

The memorandum subsequently submitted however does not refer to a Post Trial Memorandum as the government suggests. It refers to the memorandum subsequent to the deposition on remand discussed in several preceding sentences. 482 F.2d at 721. Thus, the memorandum referred to was a Pretrial Memo for a remanded trial, not a Post Trial Memo, and the government's quotation tends to under-

cut support for its proposition rather than to promote it.

 The last issue remaining for possible reconsideration is the $25.00 limit on gift expenses. This issue was raised in the government's Pretrial Memorandum. Defendant's Submission in Compliance with Order at 14 n. 1, and raised once during trial. This court finds that these assertions in the original proceedings were sufficient, and this court will consequently entertain defendant's motion for reconsideration on the gift limit issue because it was not part of our prior opinion.

### Conclusion

This court will not reconsider the issues of substantiation, tax situs, and auto expense calculations. On the other hand, it will entertain a motion for reconsideration with respect to the $25.00 gift expense limit according to I.R.C. Sec. 274(b).

Based on the foregoing, IT IS SO ORDERED:

(1) Plaintiff is given 10 days from this date to file its response as to why this partial motion for reconsideration should not be granted pursuant to RUSCC 59(b).

(2) If plaintiff does not file its response, plaintiff's deductions previously awarded in *Bernard v. United States,* 11 Cl.Ct. 437, shall be reduced by $282.37 for the 1979 tax year, and by $833.25 for the 1980 tax year.

(3) If either party objects to this court's calculations as to the plaintiff's reduction of award due to the $25 gift limitation, they may file such objections within 10 days from this date.