DOUGLAS W. HEAPE AND JUDY L. HEAPE, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Heape
Docket No. 21363-90
United States Tax Court
T.C. Memo 1992-660; 1992 Tax Ct. Memo LEXIS 698; 64 T.C.M. (CCH) 1307; November 10, 1992, Filed *698 Decision will be entered for respondent. For Petitioners: Patrick B. Mathis. For Respondent: Richard A. Stone. PATE
PATE
MEMORANDUM OPINION PATE, Special Trial Judge: This case was assigned pursuant to the provisions of section 7443A(b)(3) and Rules 180, 181, and 182. [1]
Respondent determined deficiencies in petitioners' 1987 and 1988 Federal income taxes of $ 570 and $ 600, respectively. After concessions by petitioners, the sole issue for our decision is whether petitioners may deduct automobile expenses claimed on Schedule F for both years. Some of the facts have been stipulated and they are so found. The Stipulation of Facts and attached exhibits are incorporated herein by this reference. Douglas W. Heape (hereinafter petitioner) and Judy L. Heape timely filed joint Federal income tax returns for 1987 and 1988. At the time they filed their *699 petition, they resided in Tamaroa, Illinois. They have four children, ranging from age 2 to age 14. Petitioner spends a substantial amount of time with his children taking part in their various activities including regularly attending sporting events in which they participate. During the years in issue, petitioner was employed by the Old Ben Coal Company (hereinafter the Coal Company) where he has worked as an underground miner since 1978. Each day he worked one of three 8-hour shifts on a rotating basis, working either 8 a.m. to 4 p.m., 4 p.m. to 12 a.m., or 12 a.m. to 8 a.m. Once assigned, he worked the same shift for a whole month. During 1987, he worked 202 days and earned wages of $ 38,641; during 1988, he worked 267 days and earned $ 43,193. In addition, petitioner owned and operated a farm in Tamaroa. In 1985, he began raising corn, soybeans, and wheat on his farm and, in 1986, he added a hog breeding operation. Petitioner worked the farm himself, on occasion seeking help from his wife. He worked the farm approximately 4 hours per day during the winter. He spent substantially more time, up to 14 hours a day, working on it during the summer. Generally, petitioner *700 tilled his fields 9 or 10 months per year. Initially, petitioner raised his crops and hogs on 85 acres of land he sharecropped with his mother and grandfather located approximately 3-1/2 miles away from his home. In September 1988, he transferred his home and farming operation onto 110 acres of land that he purchased in Tamaroa. For 1987 and 1988, he earned farm income of $ 8,711 and $ 6,181, and paid farm expenses of $ 15,291 and $ 17,507, thereby realizing net losses of $ 6,580 and $ 11,326, for those years respectively. Because the Coal Company is located in West Frankfort, Illinois, approximately 40 miles away from petitioner's home, on each day that he worked at both the Coal Company and the farm, he drove in excess of 80 miles. Prior to September 1988 and depending on his shift, he drove either from his home to the farm, back home, then to the Coal Company or from his home to the Coal Company, back home, then to the farm. After moving to his new location in September 1988, he drove from his farm (which was also his residence) to the Coal Company and then back to his farm. On Schedule F, petitioner deducted expenses of $ 3,912 and $ 4,137 for the cost of driving his automobile, *701 round trip, to the Coal Company. Petitioner contends that these automobile expenses are deductible because they were paid to drive between his two businesses. Respondent maintains that such expenses constitute commuting expenses and, therefore, are not deductible. In general, section 162 allows a taxpayer to deduct all ordinary and necessary expenses paid or incurred during the taxable year in carrying on a trade or business. Automobile expenses incurred in carrying on a business within the locality in which the taxpayer lives and works are deductible, if at all, under section 162(a). United States v. Correll, 389 U.S. 299 (1967); Boone v. United States, 482 F.2d 417, 419 n.2 (5th Cir. 1973). However, the taxpayer's cost of traveling between his residence and place of business generally is not deductible because it is considered a personal expense. Sec. 262; Commissioner v. Flowers, 326 U.S. 465 (1946); Green v. Commissioner, 59 T.C. 456, 458 (1972); sec. 1.162-2(e), Income Tax Regs.; sec. 1.262-1(b)(5), Income Tax Regs.
When a taxpayer has two established *702 places of business, the cost of traveling between them is deductible as an ordinary and necessary business expense under section 162 because the taxpayer generally travels between them for business reasons. Steinhort v. Commissioner, 335 F.2d 496, 503-504 (5th Cir. 1964), affg. T.C. Memo. 1962-233; Heuer v. Commissioner, 32 T.C. 947 (1959), affd. per curiam 283 F.2d 865 (5th Cir. 1960). However, when one business is located on or in close proximity to the taxpayer's home, the question becomes whether the primary purpose of the travel was to get from one business location to the other to transact business or to return "home" in the popular sense of the word. Green v. Commissioner, supra; Mazzotta v. Commissioner, 57 T.C. 427 (1971), affd. per curiam 465 F.2d 1399 (2d Cir. 1972), affd. without opinion 467 F.2d 943 (2d Cir. 1972). The taxpayer has the burden of proving the business reason for the travel. New Colonial Ice Co. v. Helvering, 292 U.S. 435 (1934); *703 Welch v. Helvering, 290 U.S. 111 (1933). Petitioner argues that his automobile expenses are deductible because they were incurred to travel between his two businesses. However, the evidence he presented with regard to the period January 1987 to September 1988 (before he moved his residence and farming operation onto the same acreage) indicates that he did not travel directly between those locations, but customarily returned home in the interim. Under such circumstances, his automobile expenses would not be deductible. Wag-Aero, Inc. v. United States, 47 AFTR 2d 81-762, 81-1 USTC par. 9183 (E.D. Wis. 1980). Moreover, even assuming that his automobile expenses were incurred to travel directly between his two places of business, when his home is located at or near one of those businesses, deductibility hinges on whether the primary purpose of such travel was for business or for personal reasons. Mazzotta v. Commissioner, supra. Although there is little doubt that petitioner spent a good deal of time working on his farm, we are convinced that his primary purpose for trips *704 between the Coal Company and his farm was to be "home" in the popular sense of the word. His home was on or near his farm and when he returned after working 8 hours in the mine he must have been tired and hungry, in search of food and rest. These are personal, not business, considerations. He also spent a considerable amount of time there with his four children. In fact, petitioner admitted that he would have returned to his home each evening after working at the Coal Company even if he had no work on the farm. Nevertheless, petitioner argues that, because he "commuted" to the farm (his primary place of business), the cost of his traveling from his farm to the Coal Company (his secondary place of business) are deductible. In support of this argument, he cites Commissioner v. Flowers, 326 U.S. 465 (1946); Rubin v. Commissioner, 26 T.C. 1076 (1956), revd. and remanded on another issue 252 F.2d 243 (5th Cir. 1958); Sherman v. Commissioner, 16 T.C. 332 (1951); Muhl v. Commissioner, T.C. Memo. 1986-309; Benson v. Commissioner, T.C. Memo. 1968-294; *705 Stairwalt v. Commissioner, a Memorandum Opinion of this Court dated Aug. 26, 1952; Bernard v. United States, 11 Cl. Ct. 437 (1986), modified 12 Cl. Ct. 597 (1987); Dorsky v. Patterson, 3 AFTR 2d 364, 59-1 USTC par. 9135 (N.D. Ala. 1958). However, all of these cases (cited by petitioner in support of his argument) were decided under section 162(a)(2) (or its predecessor). Petitioner's reliance on section 162(a)(2) is misplaced. That section allows the deduction of traveling expenses only if they were incurred while "away from home". That phrase has been interpreted to include only trips which include time for the taxpayer to sleep or rest. United States v. Correll,389 U.S. 299 (1967). Local automobile expenses are not incurred or paid while "away from home" and, therefore, are not deductible under section 162(a)(2). Boone v. United States, 482 F.2d 417 (5th Cir. 1973). In the cases cited by petitioner that involved taxpayers with two places of business, the courts were faced with deciding which one of two *706 residences maintained by the taxpayer was used when he was working at his primary place of business and which residence was used when the taxpayer was working at his secondary place of business. In each of these cases, the Court found that the taxpayer could not deduct the expenses of the residence in the locale of the primary place of business because such expenses were personal and not deductible under section 262. In each of these cases, the Court also found that the expenses of going to, staying at, and returning from the secondary location were deductible because the reasons for incurring such expenses were based on business considerations. Petitioner's case is different. He had only one location at which he resided and, he had to travel to that location because he needed to clean up, eat, sleep, or rest. The fact that he also worked at that location does not change the fact that his basic reason for going home was personal. Accordingly, we hold that petitioner's cost of traveling between his home and the Coal Company each day was primarily for personal reasons, and, therefore, not deductible. To reflect the foregoing, Decision will be entered for respondent. Footnotes
1. All section references are to the Internal Revenue Code in effect for the years in issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩